SHIVERS, Judge.
Gonzalez appeals a final order revoking his pest control certificate and cards. Appellant asserts that the agency erred in failing to accord him a Chapter 120 hearing and that the evidence did not support the agency’s revocation of his licenses. We reverse and remand.
On February 6, 1981, Gonzalez and the Department of Health and Rehabilitative Services (HRS) entered into a joint stipulation for settlement and consent decree wherein appellant was placed on probation. The stipulation waived the right to a Chapter 120 hearing and agreed that if appellant violated the Pest Control Act or the pest control regulations during the period of probation, the agency in its discretion could enter a final order revoking appellant’s pest control licenses (the pest control certificate and cards). HRS adopted the stipulation in a final order on May 20,1981. Subsequently, HRS made a report documenting several alleged violations of the stipulated agreement and requesting revocation. After reviewing the report, HRS revoked appellant’s licenses without a hearing.
Section 120.60(6), Fla. Stat. (1981) provides in part:
No revocation, suspension, annulment, or withdrawal of any license is lawful unless, prior to the entry of a final order, the agency has served, by personal service or certified mail, an administrative complaint which affords reasonable notice to the licensee of facts or conduct which warrant the intended action and unless the licensee has been given an adequate opportunity to request a proceeding pursuant to s. 120.57....
The purpose of this statute is to inform the licensee of the possible revocation and to permit the licensee to respond to the agency’s allegations. Sheppard v. Board of Dentistry, 385 So.2d 143 (Fla. 1st DCA 1980). In this case, the stipulation provided for the waiver of a Chapter 120 hearing. The waiver, however, was intended to apply to the allegations pending at the time the stipulation was signed, not to allegations which might arise in the future.
Although the stipulation provided that HRS could revoke Gonzalez’ license in the agency’s discretion, the agency con tin- *1130 ued to suffer the burden of demonstrating proof justifying the exercise of that discretion. In this case, the issue of whether Gonzalez actually violated the terms of the stipulation remained outstanding, and Gonzalez was deprived of an opportunity to be heard on that point. The Administrative Procedures Act requires the licensee be given full due process consideration even where consent stipulations are involved.
It is necessary, therefore, for the administrative agency to take into account due process considerations when dealing with stipulations or agreements of the adversarial parties submitted during the course of administrative hearings.
Manatee County v. Florida Public Employees Relations Commission, 387 So.2d 446, 449 (Fla. 1st DCA 1980). Accordingly, Gonzalez is entitled to the requisite notice and a hearing prior to revocation of his licenses. Resolution of this issue makes inquiry into the evidentiary issue unnecessary. The cause is reversed and remanded to the agency with instructions to proceed in compliance with this opinion.
SHAW and WIGGINTON, JJ., concur.