ZEHMER, Judge.
Dr. Orrin Hunt appeals a final order of the Board of Psychological Examiners that disciplines him for violating chapter 490, Florida Statutes (1987). The final order is based upon a stipulation or agreed settlement pursuant to section 120.57(3), Florida Statutes (1987),[1] which is disputed by Dr. Hunt. We agree with Dr. Hunt that the Board erred in predicating the final order on his “unconditional stipulation and agreement” to all the terms and conditions set forth in the order.
Dr. Hunt and the Department of Professional Regulation, as a result of DPR’s investigation of certain charges against him, entered into a written stipulation that provided for his probation on certain terms. The stipulation was made after Dr. Hunt had employed an attorney to advise and represent him in this matter, and it re *553 quired Dr. Hunt to appear before the Board to answer any questions the Board might have about the matters so stipulated. Dr. Hunt appeared before the Board without his attorney on August 18,1989, pursuant to a notice of hearing for consideration of that stipulation.[2] The Board’s chairman and other members immediately took issue with the stipulation and rejected it at the outset of the hearing. The Board, nevertheless, proceeded to explore possible areas of agreement with Dr. Hunt by swearing him as a witness and asking him extensive questions for a substantial period of time covering 91 pages of transcript. It is perfectly plain from that transcript that both the Board and Dr. Hunt were exploring possible alternatives to the written stipulation rejected by the Board, without either party making a final commitment to be bound by such terms before they were reduced to writing. Thus, at one point in the proceeding, Mr. Grossman, the assistant attorney general representing the Board, stated to Dr. Hunt that, “I would suggest to you, it is just a suggestion to you, if you leave this room having accepted such an agreement, that you start immediately making whatever changes are appropriate to keep yourself out of such predicaments. Officially, the terms will not become final until an order goes out telling you that that is what the Board has decided.” (R. 530-31) (emphasis added). Later on, concerning the proposed condition that Dr. Hunt would continue his practice under the supervision of another psychologist, Mr. Grossman again stated: “If the Board accepts it that is fine. I would point out there might be a problem of access of Dr. Hunt’s patients to Dr. Blough” (a potential supervising psychologist during a probationary period). (R. 535). After Mr. Grossman had explained his understanding of the terms of the proposed probation discussed by the Board, he said to Dr. Hunt: “All these have to do with your two years of probation. Has that covered everything? Dr. Hunt, would you agree to those terms?” To this last question Dr. Hunt replied, “Yes.” (R. 538). Yet, immediately thereafter, a Board member brought up still another concern about the possible terms of probation and the means of implementing it. (R. 538-539).
It is readily apparent that, at best, the discussion between Dr. Hunt and the Board resulted only in a conditional agreement to consider the discussed terms and conditions of probation and that such conditions were not binding on either party until the Board and Dr. Hunt had accepted them with finality in a written agreement. Dr. Hunt appeared before the Board pursuant to the notice, without his attorney, to consider the written stipulation between him and DPR as the prosecuting agency; however, the Board changed the proceeding substantially from the noticed purpose to a pseudo-evi-dentiary hearing during which the Board took sworn testimony from Dr. Hunt regarding disputed issues of fact relevant to the charges. The Board had not unequivocally agreed with the terms and conditions discussed by Mr. Grossman by the time Dr. Hunt left the room, and it is clear from the record that Dr. Hunt expressed only conditional agreement with the conditions proposed by Mr. Grossman. The question placed to him was not, ‘‘Do you agree with these conditions,” but only, “Would you agree to these conditions.” The word “would” connotes future conduct, not present action. We do not, therefore, find any support in the record for the Board’s contention that Dr. Hunt unequivocally and unconditionally agreed to settle the charges based on the rather indefinite and imprecise terms described by Mr. Gross-man at the hearing on August 18, 1989, such that he gave up all opportunity to review those conditions with his attorney after they had been reduced to writing.
*554 We also conclude that there is no such thing as a “section 120.57(3) hearing” to resolve disputes over stipulations, and reject the Board's argument to the contrary. That section only authorizes informal disposition of administrative proceedings by stipulation or agreed settlement; it does not authorize a hearing to consider evidentiary and legal matters in dispute that should be heard and resolved in a section 120.57(1) formal hearing or a section 120.57(2) informal hearing. While it was proper for the Board to explore informally other potential areas of agreement as a basis for disposing of the charges against Dr. Hunt after the Board rejected the proposed written stipulation, it was not appropriate for the Board to convert that proceeding to a hearing pursuant to section 120.57 without giving Dr. Hunt prior notice to that effect so that he could have his attorney present to advise him and present relevant evidence. The Board and DPR seek to extract too much from this proceeding when they argue that, although Dr. Hunt did not have to proceed any further once the Board rejected the written stipulation, having done so, he should be bound by the agreements thereafter discussed. It is obvious that Dr. Hunt was trying to be helpful to the Board without offending its members by terminating further discussion in an attempt to settle the problem. Nothing in this record supports the notion that Dr. Hunt unequivocally agreed to settle on these terms and be bound by them without further review with his attorney.
Accordingly, the final order is reversed and the cause is remanded for a section 120.57(1) formal hearing on obviously disputed issues of fact underlying the charges.
REVERSED AND REMANDED.
MINER and ALLEN, JJ., concur.

. Section 120.57(3) provides: "Unless precluded by law, informal disposition may be made of any proceeding by stipulation, agreed settlement, or consent order.”

. The notice recited:
PLEASE TAKE NOTICE that the Board of Psychological Examiners will consider the adoption of a stipulated agreement in DPR Case # 0104144, Dept, of Professional Regulation vs. Orrin J. Hunt, Ph.D., at the Department of Professional Regulation, Board Conference Room, 1940 North Monroe Street, Tallahassee, Florida, on August 18, 1989 at 2:00 p.m. or as soon thereafter as possible. If the Board agrees to resolve this case by stipulation, a Final Order will be issued.