JOANOS, Judge.
Patmilt Corporation, doing business as Malabar Lounge, has appealed a final order of the Department of Business Regulation (DBR) revoking its alcoholic beverage license. We reverse, and remand for further proceedings.
On June 27, 1990, DBR served upon Pat-milt a notice to show cause why its alcoholic beverage license should not be penalized, suspended, or revoked based on allegations that it had served alcoholic beverages to minors. An informal conference was set for July 30, 1990. The notice also provided that, if Patmilt wanted “an administrative proceeding and hearing on these charges in accordance with Chapter 120,” it must file a written request within 21 days of the informal conference, or by August 20, 1990.
The informal conference was held as scheduled, during which DBR offered Pat-milt the option of entering into a stipulation on the charges. On August 14, 1990, within the 21-day time period, Patmilt’s counsel wrote DBR agreeing to pay a $500 fine in return for reduction of the complaint to a letter of warning. On August 17, 1990, also within the 21-day period, DBR responded by letter as follows:
Please find enclosed the Consent Agreement you requested crafted with the terms of settlement you offered in your letter dated August 14, 1990.
Please have your client complete Section III on all copies of the Agreement and return all copies to this office. Section III must have all dates completed, an authorized signature and the corporate seal.
The enclosed Consent Agreement, evidently drafted by DBR, provided at Section 1, Paragraph 4:
In the event this Agreement is submitted to the Division and is thereafter NOT APPROVED by the Director, the licensee hereby requests an administrative proceeding on the charge(s).
The letter did not establish a time limit within which Patmilt had to submit the Agreement, which was executed and returned to DBR on September 14, 1990. On September 17, 1990, District Supervisor Willingham formally recommended disapproval, and revocation of Patmilt’s license. However, the October 5, 1990 final order revoking the license does not address the proposed stipulation, the Agreement prepared by DBR and executed by Patmilt, or the Agreement’s provision that disapproval thereof would constitute a request for an administrative proceeding. The order simply sets forth the factual basis for the complaint, and notes Patmilt’s failure to request a hearing within the 21 days specified in the notice to show cause.
This court will remand for further agency action if the fairness of the proceedings is impaired by a material error in *999 procedure. § 120.68(8), Fla.Stat. (1989). In our view, the facts as set forth above demonstrate that the time limit established in the original notice to show cause cannot fairly be used by DBR to deprive Patmilt of an administrative hearing on the charges against it. DBR’s argument that the Agreement is without effect, in that Pat-milt returned it more than 21 days after the informal conference, is without merit. DBR never informed Patmilt that the Agreement, with its provision for administrative hearing upon disapproval, would be ineffective if submission and/or disapproval did not occur within the 21-day period.
Accordingly, the order revoking Patmilt’s license is reversed and the case remanded with instructions either to approve or disapprove the Agreement prepared by DBR and executed by Patmilt on September 14, 1990. If the Agreement is approved, a new final order shall be entered in accordance therewith. If it is disapproved, DBR shall do so by written order, which order shall set forth a reasonable time in which Pat-milt can request an administrative hearing on the allegations against its license.
Reversed and remanded with directions.
SMITH and BARFIELD, JJ., concur.