PER CURIAM.
Appellant Dennis Kennedy appeals a final order of the Department of Business and Professional Regulation (“Department”) revoking his yacht and ship broker’s license. Kennedy primarily argues that he did not have a chance to present evidence of mitigating circumstances surrounding the criminal convictions which formed the basis of the revocation. Because Kennedy failed to comply with the time limits for requesting an administrative hearing that were established in a consent order, we affirm.
Kennedy was convicted and sentenced for income tax evasion in December, 1994. On December 16, 1994, Kennedy appealed his conviction to the Third Circuit Court of Appeals. In May, 1995, Kennedy applied for a renewal of his yacht and ship broker’s license. The Department served Kennedy in July, 1995 with a notice of intent to deny license renewal pursuant to section 326.006(2)(f)2, Florida Statutes (1997), based on his tax evasion felony convictions. During an informal telephone hearing in December, 1995, the parties agreed to reinstate Kennedy’s license pending completion of the federal appeal.
The Department reduced the consent agreement to writing and sent it to Kennedy’s attorney. Two provisions of the agreement provided:
4. [Kennedy] will notify the Division of the result of his pending appeal within five (5) working days of its issuance.
7. [Kennedy] agrees that if his New Jersey conviction is not overturned, he may request an expedited Informal Hearing, at which time he will have the opportunity to present mitigation to the Division, provided, however, that he has notified the Division and requested an Informal Hearing in writing, within five (5) working days of the result of the appeal, in accordance with Paragraph 4, above. If [Kennedy] does not notify the Division or does not request an Informal Hearing in writing within five (5) working days of the affirmation of the conviction, then [Kennedy] hereby waives his rights to a Formal or Informal Hear *518 ing and hereby agrees to the revocation and termination of his License # 533.
(Italics supplied).
Kennedy’s attorney returned the signed consent agreement to the Department in January, 1996 with a cover letter containing the following language regarding Kennedy’s obligation to request an informal hearing “within five (5) working days of the affirmation of the conviction”:
With regard to the five (5) day notice provision advises [sic] of the appeal ruling in New Jersey, I respectfully note that while I shall do whatever possible to comply, it is possible that mailings from the appellate court to me via defense counsel may unavoidably take more than five (5) days. I trust prompt, rather than technical notice is what is intended. I shall presume this is acceptable unless I hear to the contrary but on this basis permitted Mr. Kennedy to sign the proposed Agreement without amendment.
The Department did not respond to the attorney’s cover letter. Pursuant to the consent agreement, the Department reinstated Kennedy’s license pending the appeal of his conviction.
On May 12, 1997, the United States Supreme Court denied certiorari on the Third Circuit’s affirmance of Kennedy’s conviction. The parties agree that the Supreme Court’s denial of certiorari was the last act contemplated by agreement to constitute the “affirmation” of Kennedy’s conviction. Kennedy neither notified the Department of the conclusion of the federal appellate process, nor requested an informal hearing under the terms of the consent agreement. In mid September, 1997, the Department, on its own initiative, learned of the Supreme Court’s action by contacting the clerk of that court. The Department entered its final order revoking Kennedy’s license on October 17, 1997.
We reject the argument in Kennedy’s brief that the consent agreement was “expressly conditioned upon a loose interpretation of the five (5) day notice provision which would not begin to run until Kennedy was aware of the result of his New Jersey appeal.” To adopt this interpretation would be to rewrite the parties’ agreement, expanding it beyond the outer limits created by the attorney’s January, 1996 cover letter. The affirmation of the federal conviction triggered the running of the time limits under the agreement, not the date when Kennedy actually learned of the conviction.
Kennedy received something of value from the consent agreement. He bargained for the reinstatement of his license pending the appeal of his federal convictions. The agreement placed the burden on Kennedy to monitor the federal appeal and to promptly act to preserve his rights in the administrative proceeding. If we construe the consent agreement in the manner most favorable to Kennedy, by giving effect to the language in his attorney’s cover letter, he was required to give notice “promptly” after the conclusion of his federal appeal, and not within five days, as the original draft of the consent agreement provided. In the context of this agreement, “prompt, rather than technical notice” contemplates several weeks after the denial of certiorari. However liberally the line might reasonably be drawn in Kennedy’s favor, the four month delay in this case falls on the other side of it, resulting in the waiver of informal and formal hearings contemplated by the consent agreement.
Section 120.57(4), Florida Statutes (1997), permits the parties to an administrative proceeding to make an “informal disposition” of it “by stipulation, agreed settlement, or consent order.” The cases cited by Kennedy do not override the terms of the consent agreement to require a hearing.
In Gonzalez v. Department of Health & Rehabilitative Services, 418 So.2d 1128 (Fla. 1st DCA 1982), the agency and a pest control licensee entered in a consent decree wherein the licensee was placed on *519 probation. The stipulation waived the right to a Chapter 120 hearing and provided that if the licensee violated applicable statutes or regulations during the probationary period, the agency in its discretion could enter a final order revoking his pest control licenses. Subsequently, HRS revoked the licenses without a hearing based on an agency report documenting several alleged violations of the stipulated agreement. In reversing for an evidentiary hearing the first district construed the stipulation’s waiver of a Chapter 120 hearing “to apply to the allegations pending at the time the stipulation was signed, not to allegations which might arise in the future.” Id. at 1129. Because the licensee disputed the allegations of the post-stipulation violations, the first district held that he was entitled to an evidentiary hearing on that factual dispute before the license could be suspended.
This case is distinguishable from Gonzalez. There was no factual dispute on the statutory grounds for the license revocation. Kennedy had been convicted of a felony. Revocation did not turn on statutory or regulatory violations occurring after the stipulation; the conviction happened prior to the consent agreement. Unlike Gonzalez, the waiver of the administrative hearing applied to the allegations pending at the time the consent order was signed. The stipulation set up time parameters for exercising the right to another informal hearing, with which Kennedy had to comply. The imposition of time parameters was not unreasonable, in light of the Department’s concession on the reinstatement of the license.
Similarly, we find Patmilt Corp. v. Department of Business Regulation, Division of Alcoholic Beverages & Tobacco, 581 So.2d 997 (Fla. 1st DCA 1991), and Hunt v. Department of Professional Regulation, 564 So.2d 552 (Fla. 1st DCA 1990), to be inapplicable. In Hunt, there were discussions concerning a stipulated settlement resulting “at best” in only a “conditional agreement to consider the discussed terms and conditions of probation,” and not a binding settlement upon which the agency could predicate a final order. Hunt, 564 So.2d at 553. In this case, Kennedy was represented by his attorney and negotiations led, to a written settlement agreement which Kennedy had an opportunity to review and modify before he signed it.
In Patmilt, the parties agreed that if a consent agreement was not approved by the director of the agency, then the liquor licensee would be given an administrative hearing. After the director rejected the agreement, a final order issued stating that no hearing had been requested within 21 days of the notice to show cause.' The first district reversed, finding that the fairness of the proceedings had been impaired because the agency never informed the licensee that a hearing would be unavailable if not requested within 21 days. See Patmilt, 581 So.2d at 998-99. This situation is unlike that in the instant case, where the consent agreement, as modified by Kennedy, placed him on notice of the necessity of a prompt request for a hearing after the termination of the federal appeal process.
As to the remaining issues on appeal, we find that the felony conviction provided the statutory basis to support the Department’s action and that the regulatory scheme was constitutional on its face and as applied.
AFFIRMED.
DELL, SHAHOOD and GROSS, JJ., concur.