848 So.2d 1276 (2003)
Michael Antonio DeJESUS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4155.
District Court of Appeal of Florida, Second District.
July 11, 2003.
*1277 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Michael Antonio DeJesus challenges the revocation of his drug offender probation. We reverse because DeJesus's probation was revoked in violation of his rights to due process.
DeJesus was originally placed on probation after pleading no contest to fraudulent use of a credit card and grand theft. His probation was revoked for a second time after he pleaded no contest to violating probation and to sale of cocaine. The trial court sentenced DeJesus to concurrent terms of forty-eight months in prison but suspended that sentence and required DeJesus to complete two years of drug offender probation.
Subsequently, a revocation of probation hearing was held, although no affidavit of violation of probation was ever filed. According to the transcript of the hearing, DeJesus was represented by an assistant public defender and the State was represented by an assistant state attorney. However, only the trial court judge and DeJesus spoke at the hearing. The judge stated that three screens of DeJesus's urine showed the presence of pink crystals, although the lab could not say what they were, just that they were a foreign substance. He also stated that another drug screen was questionable and that the temperature of one of the urine samples was too low to allow a screening.
The judge asked DeJesus if there was anything he wanted to say. DeJesus responded that if he were to say that he had gotten high, he would be lying. He asked that the court take a blood or hair sample and said that his family was willing to give everything it had to facilitate such testing. The judge stated that the drug screens spoke for themselves and imposed the suspended sentences of forty-eight months.
In this appeal, DeJesus argues that the trial court violated his constitutional right to due process through the procedure it employed to revoke his probation. Specifically, he notes the absence of an affidavit of violation of probation and the absence of substantive evidence that the foreign substance found in his urine was an illegal substance. The State responds that DeJesus, while represented by counsel, signed a contract (the order of drug offender probation) waiving his right to a revocation hearing. DeJesus admits that he signed the order of probation but asserts that it does not state that he agreed to waive his right to a hearing.
As DeJesus asserts, the order of drug offender probation says nothing about the probationer waiving his right to an adversarial hearing. Although one may waive any right one has under a constitution, statute, or contract, that waiver must be knowing, intelligent, and voluntary. A.D.W. v. State, 777 So.2d 1101 (Fla. 2d DCA 2001). We have grave doubts that a *1278 probationer can make a knowing and intelligent waiver of his right to an adversarial hearing to determine whether he violated probation before the alleged violation has even occurred, i.e., before he even knows the factual basis of the alleged violation. However, because DeJesus's order of probation does not contain such a waiver, we need not address that issue.
We reverse the order revoking DeJesus's probation for two reasons. First, the record does not contain an affidavit of violation of probation.[1] "Revocation of probation on grounds never alleged in writing violates due process and is fundamental error." Smith v. State, 738 So.2d 433, 435 (Fla. 1st DCA 1999). Second, the only evidence that DeJesus violated his probation was the hearsay statement of the trial court judge that the lab reported the presence of a foreign substance in DeJesus's urine. In addition to the fact that hearsay alone may not support the revocation of probation, Andrews v. State, 693 So.2d 1138 (Fla. 1st DCA 1997), a foreign substance is not necessarily an illegal substance. Thus, there was no substantive evidence of a violation of probation.
Accordingly, we reverse the order of revocation of DeJesus's probation and remand with directions consistent with this opinion.
CASANUEVA and CANADY, JJ., concur.
NOTES
[1] As a result of the absence of an affidavit of violation of probation, the order of revocation does not state what condition of probation DeJesus was found to have violated. This is an additional reversible error. See Blair v. State, 636 So.2d 784, 785 (Fla. 1st DCA 1994).