851 So.2d 805 (2003)
Bobby STALEY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2D02-857, 2D02-1325.
District Court of Appeal of Florida, Second District.
July 30, 2003.
James Marion Moorman, Public Defender, and Deborah K. Bruckheimer, Assistant *806 Public Defender, Bartow, for Appellant.
Bobby Staley, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and C. Suzanne Bechard, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
On direct appeal, Bobby Staley challenges the revocation of his probation. He has also petitioned for a writ of habeas corpus, contending he is being illegally confined based on the erroneous revocation of his probation. We have consolidated the two proceedings. We reverse the order revoking probation that Staley challenges in his appeal. For this reason, his habeas petition is moot.
Staley was placed on probation for drug offenses in January 2000. In August 2000, he admitted violating his probation in exchange for a suspended sentence of two years' imprisonment with the requirement that he spend two years on drug offender probation, subject to all the conditions of drug court. He signed a "drug court contract," which included the special condition that he "agrees to waive his rights to an adversarial hearing or trial and will instead proceed directly to sentencing upon determination by the Drug Court Judge that [he] has failed to successfully complete the Drug Court Program."
On December 22, 2001, Staley allegedly failed to deposit a urine sample at Southwest Florida Addiction Services, as he had been directed to do. An arrest/notice to appear and probable cause statement was issued on December 26, but no affidavit of violation of probation was ever filed. On that same day, the circuit court held a hearing, found that Staley had violated his probation, and sentenced him to two years' imprisonment. The State presented no proof of the violation at this hearing. Indeed, no evidence was admitted; no one testified about what condition of probation Staley had violated. Although the written order revoking Staley's probation stated that he had pleaded guilty to the violation, the transcript of the hearing contradicts this. Rather, it reflects Staley's assertion that he had attempted to abide by all requirements of his drug offender probation, and that any violation was not willful.
Although a probationer accused of a violation is not entitled to the full panoply of rights guaranteed at a criminal trial, he is entitled to minimal due process, including
(a) written notice of the claimed violations...; (b) disclosure ... of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses...; (e) a `neutral and detached' hearing body ...; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking....
Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Section 948.06, Florida Statutes (2001), implements these rights and requires that a court conduct a probation revocation hearing if the probationer disputes the charges. At the hearing, the State must prove the violation by a preponderance of the evidence. Stevens v. State, 823 So.2d 319, 320 (Fla. 2d DCA 2002).
Section 948.01(13), which authorizes drug offender probation, specifically states that such probation is "subject to revocation of probation as provided in s. 948.06." Obviously, the procedure employed in this case failed to satisfy the statutory and constitutional requirements. Nevertheless, the State contends we must affirm. It maintains that the procedure was sufficient *807 because Staley waived his right to an adversarial hearing in his drug court contract. We disagree for three reasons.
First, even if Staley validly made an advance waiver of his right to contest evidence that might be submitted against him in the future, that is all that he waived. He did not relieve the State of its burden to file an affidavit setting out the alleged violation. He did not relieve the State of its burden to prove the violation by competent evidence. Here, no affidavit specifying Staley's alleged violation of any condition of probation was filed. See DeJesus v. State, 848 So.2d 1276 (Fla. 2d DCA 2003); Carmichael v. State, 834 So.2d 421 (Fla. 2d DCA 2003). The State presented no evidence and therefore failed to satisfy its burden of proof. See Cox v. State, 816 So.2d 160, 161 (Fla. 2d DCA 2002). Further, as no evidence was presented at the hearing, the court's belief that Staley failed to give a required urine sample could only have been the result of hearsay from some unspecified extrajudicial source. Although hearsay may be introduced at a probation revocation hearing, a violation cannot be found based solely on hearsay. DeJesus; Grimsley v. State, 830 So.2d 118, 119-120 (Fla. 2d DCA 2002).
Second, again assuming that Staley could validly waive in advance his right to contest allegations that might be lodged against him in the future, any such waiver could only be enforced if it was knowingly, intelligently, and voluntarily given. See A.D.W. v. State, 777 So.2d 1101, 1104 (Fla. 2d DCA 2001). When the court placed Staley on drug offender probation, it discussed many terms of the drug court contract with him. It specifically told him that his urine would be tested; that he would be required to go to group therapy and a twelve-step program; and that if his urine was positive for drugs, or if he missed a meeting, that would be a violation of the contract. But the court never covered the clause that concerned the waiver of an adversarial hearing. Without an adequate inquiry from the court about this portion of the contract, we cannot find that Staley waived his right to a probation revocation hearing knowingly, intelligently, and voluntarily. See id.
Third, and more important, Staley simply could not have knowingly and intelligently waived his right to contest allegations against him without knowing what those allegations were. A probationer can certainly waive his rights to due process and to statutory procedures after they have been implicated. Thus, for instance, once an affidavit of violation has been filed the probationer may elect not to contest it. But we do not believe he can prospectively waive these rights.
Although we have not discovered any cases directly addressing this issue, we find the Florida Supreme Court's decision in Stephens v. State, 630 So.2d 1090 (Fla. 1994), instructive. There, the circuit court conditioned its acceptance of Stephens's plea on his payment of restitution and on his agreement to waive his constitutional right not to be imprisoned for a debt if he failed to do so. Stephens v. State, 614 So.2d 19, 20 (Fla. 4th DCA 1993). Our supreme court acknowledged Stephens's waiver, but held that "before a person on probation can be imprisoned for failing to make restitution, there must be a determination that that person has, or has had, the ability to pay, but has willfully refused to do so." Stephens, 630 So.2d at 1091. In so holding, the supreme court approved the Third District's decision in Hamrick v. State, 519 So.2d 81 (Fla. 3d DCA 1988).
Hamrick, like Stephens, had agreed, as a condition of probation, to make restitution regardless of his ability to pay. The *808 Third District held that his purported waiver of the right to resist revocation was invalid and unconstitutional. The Stephens court quoted Hamrick for the proposition that incarcerating a defendant for failing to pay restitution without determining his ability to pay "`subverts the requirements of due process and equal protection and the prohibition of imprisonment for debt.'" Stephens, 630 So.2d at 1091.[1]
The purported waiver in Staley's drug court contract would be equally subversive. It would permit his imprisonment without putting the State's proof to the test of cross-examination. Staley himself would not even be permitted to contest the alleged violation or offer evidence in his own behalf. Thus, he would be subject to imprisonment without a hearing and without a court determination that the evidence against him was sufficient. We are mindful of the admonition of the Supreme Court, in a different context, in which it succinctly emphasized the purpose of the criminal justice system:
"[T]he twofold aim of (of criminal justice) is that guilt shall not escape or innocence suffer." We have elected to employ an adversary system of criminal justice in which the parties contest all issues before a court of law. The need to develop all relevant facts in the adversary system is both fundamental and comprehensive. The ends of criminal justice would be defeated if judgments were to be founded on a partial or speculative presentation of the facts.
United States v. Nixon, 418 U.S. 683, 709, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) (citing Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935)). Likewise, the purported waiver in this case would impugn the integrity of the judicial system and undermine public confidence in the system.
We reverse the order revoking Staley's probation.
CASANUEVA, J., and DANAHY, PAUL W., SENIOR JUDGE, concur.
NOTES
[1] Even in the administrative context, a prospective waiver of the right to notice and an opportunity to be heard before revocation of a business license has been rejected. In Gonzalez v. Department of Health & Rehabilitative Services, 418 So.2d 1128 (Fla. 1st DCA 1982), a pest control licensee stipulated that his license would be put on probation and that he waived the right to a chapter 120 hearing if he violated any statutes or regulations during the probationary period. When HRS revoked his license without a hearing, he appealed. In reversing for an evidentiary hearing, the First District construed his stipulation to "apply to allegations pending at the time the stipulation was signed, not to allegations which might arise in the future." Id. at 1129. Because the pest control operator disputed the post-stipulation violations, the district court held he was entitled to an evidentiary hearing before the agency could suspend his license.