903 So.2d 1055 (2005)
Larry SAMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5657.
District Court of Appeal of Florida, Second District.
June 22, 2005.
*1056 James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
DANAHY, PAUL W., Senior Judge.
Larry Sampson appeals the order revoking his community control. He argues that reversal is required because the State's failure to file its affidavit[1] alleging the grounds for his violation constitutes fundamental error. Under the circumstances of this case, we disagree that fundamental error occurred and affirm.
Shortly after being placed on community control, the State alleged that Sampson violated the terms of his community control by committing new crimes and by being away from his residence without permission. The State introduced sufficient evidence at the revocation hearing to support the allegations and, based on that evidence, the trial court found that Sampson wilfully violated several of the conditions of his community control. The court revoked Sampson's community control and at the sentencing hearing two months later, sentenced him to a term of imprisonment. It is undisputed that an affidavit of violation alleging the specific conditions which Sampson violated was presented to the court at the revocation hearing. However, at some point thereafter, the affidavit was apparently misfiled or lost. The clerk of the circuit court has certified that no affidavit exists in the case file.
Sampson contends that the failure to file the formal charge of violation is fundamental error that may be raised for the first time on appeal, citing Carmichael v. State, 834 So.2d 421 (Fla. 2d DCA 2003), and Johnston v. State, 684 So.2d 262 (Fla. 4th DCA 1996), in support of his argument. Although we agree that the failure to file the affidavit was error, we disagree that the error was fundamental under the facts of this case. In Reed v. State, 837 So.2d 366 (Fla.2002), our supreme court discussed those situations when error rises to the level of fundamental error. Focusing on the requirement of prejudice to the defendant, the court stated: "[F]undamental error is not subject to harmless error review. By its very nature, fundamental error has to be considered harmful. If the error was not harmful, it would not meet our requirement for being fundamental." Id. at 369. Under this definition of fundamental error, Sampson was required to show that he was prejudiced by the error *1057 before it would be considered to be fundamental. He has failed to do so.
The courts in Carmichael and Johnston reversed final orders of revocation because affidavits of violation had not been filed, finding that fundamental error had occurred. Neither opinion, however, reveals whether the affidavits were actually possessed by the parties or whether they were before the court at the evidentiary hearing, as it was in the present case. Nor do the opinions state whether the defendants were ever properly informed of the charges against them. In those cases, the defendants may well have actually been prejudiced by the failure to file the affidavits. The record in the case before us, however, shows that Sampson was not.
Unlike the defendants in Carmichael and Johnston, it is clear that Sampson received all the due process rights to which he was entitled, including notice of the alleged violations, an opportunity to be heard and to present evidence, and findings by the court stating the conditions violated. See Staley v. State, 851 So.2d 805 (Fla. 2d DCA 2003). Sampson does not argue that he failed to receive a copy of the affidavit before the hearing, nor does he argue that his community control was revoked based upon alleged violations that were not included in the affidavit. Compare DeJesus v. State, 848 So.2d 1276 (Fla. 2d DCA 2003) (holding that revocation of probation on grounds never alleged in writing violates due process and is fundamental error). Rather, he admitted to this court that the affidavit existed and that he was aware of its contents. Thus, we cannot agree with Sampson's argument that, based on Carmichael and Johnston, we must reverse merely because the affidavit of violation was not filed with the clerk of circuit court.
Here, the trial court conducted a lengthy revocation hearing and addressed each of Sampson's alleged violations of the conditions of his community control including new law violations. It is obvious from a reading of the hearing transcript that the court had the affidavit in its possession. The trial court read the allegations from the affidavit in open court and, based on the evidence presented, made findings as to each allegation:
So with respect to the allegations contained in the VOCC Affidavit, starting first on Page 1, the allegation that he committed an armed burglary, I'll make a finding that he's in violation to the extent that I'm satisfied by a preponderance of the evidence that he entered that vehicle with an attempt to commit an offense there and, specifically, stealing in some form or fashion.
Page 2 allegation, Condition Number 5, the allegation is grand theft. The evidence convinced this Court by a preponderance of the evidence that he certainly was in possession of a stolen vehicle, so I find him in violation of that condition.
The next Condition 5, is that he had no valid driver's license and I'll find him not to be in violation.
The next Condition 5, is that it alleges he committed the robbery of Horvath and DiPasquale, and, again, as I described my assessment of the evidence and its problems, I will find by a preponderance of the evidence, that I'm satisfied that he is in violation of that Condition 5.
The next Condition 5 is that it's alleged that he was a felon in possession of a firearm. The evidence demonstrated to me and satisfied me by a preponderance of the evidence, that obviously, by virtue of the certified copy, that he is a convicted felon, that he certainly was in the vehicle where the firearm was in, in an area where he knew or certainly *1058 should have been [sic], the firearm was located.
....
Next Condition 5, that is, that he was carrying a concealed weapon. My perception of the evidence is that the Defendant knew that there was a firearm somewhat wrapped in a handkerchief or something. I had some question in my mind, so I find that he's not in violation of that condition.
Next Condition 5 is that he committed petty theft. I find him to be in violation.
And, finally, Condition 12, I find that you were in violation. The evidence is clear that you were away from your home while on community control at 5 o'clock in the morning on the date in question.
Because Sampson has not shown that he was prejudiced by the failure to file the affidavit, he has shown no fundamental error. Accordingly, we affirm the order on appeal.[2]
Affirmed.
WHATLEY, J., Concurs.
ALTENBERND, C.J., Concurs with opinion.
ALTENBERND, Chief Judge, Concurring.
I fully concur in this opinion. I write only to observe that there has been considerable confusion about the meaning of the sentences that Judge Danahy quotes from Reed, 837 So.2d at 369. In a case involving preserved error, an appellate court utilizes a decision-making process in which the judges first determine whether the trial court committed an error by applying the traditional standards of review, and second evaluate that error to determine whether it was harmful under the appropriate test for harmfulness or harmlessness. See, e.g., § 59.041, Fla. Stat. (2004); State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
In a case involving a claim of unpreserved error, however, where a reversal would depend upon the existence of fundamental error, Reed essentially reverses the order of this decision-making process. The appellate judges first consider whether the alleged error is harmful. Unless the appellant establishes that the alleged error is harmful, the judges are not required to take the step of evaluating the alleged error to determine whether it actually was error under an appropriate standard of review.
This shift in the decision-making process is most significant in criminal cases. In a case of preserved error, we must reverse unless the State establishes that the error was harmless beyond a reasonable doubt. DiGuilio, 491 So.2d 1129. As this case demonstrates, in a case of unpreserved error, it is the appellant/defendant who must establish that the error was harmful.
We conclude that some attorneys have focused too narrowly on the sentence in Reed that states: "By its very nature, fundamental error has to be considered harmful." Reed, 837 So.2d at 369. Read outside its context, this sentence appears to suggest that fundamental error is a form of per se error that must be regarded or deemed harmful without a review of the record. Read in context, we are convinced that the supreme court announced exactly *1059 the opposite rule. The "nature" of fundamental error can only be evaluated from the record. The record must demonstrate the harm before the error can be considered fundamental.
I write this concurrence, in part, to acknowledge that if this court is misinterpreting Reed, then it seems to me that our decision today expressly and directly conflicts with Reed because we are not treating fundamental error as inherently harmful but are placing a burden of persuasion upon the appellant to establish that the alleged error is harmful before we declare the error to be fundamental.
NOTES
[1] See § 948.06(1), Fla. Stat. (2002).
[2] In an unsuccessful motion to relinquish jurisdiction, the State attached a copy of what it stated was the affidavit signed, dated, and obtained from Sampson's community control officer. Because this court denied the State's motion, the copy of the affidavit is not part of the record, and we do not consider it in our decision. We merely note here that the oral recitation of allegations in the affidavit before the trial court and the parties at the hearing correspond exactly to the written allegations of the affidavit attached to the State's motion.