ORFINGER, J.
Byron Andrews appeals his conviction of carrying a concealed firearm and possession of a firearm by a convicted felon. He contends that the trial court had reasonable grounds to suggest that he was incompetent to proceed and should have conducted a competency hearing. See Fla. R.Crim. P. 3.210(b).[1] We disagree and affirm Andrews’s conviction.
During the course of the trial, the trial court asked Andrews if he understood that he had a right to testify. At that point, the following exchange occurred:
THE COURT: [Defense counsel] has indicated that you’ve chosen to testify, and I just want to make sure that that’s your decision. Is that your decision?
[DEFENSE COUNSEL]: Judge, he asked me what your — excuse me — what your—
THE DEFENDANT: There are certain things that I don’t understand, you know?
*966 [DEFENSE COUNSEL]: I’ve explained to him—
THE DEFENDANT: I have mental problems that y’all don’t know about, ever since I was a little kid, you know? Certain things I don’t understand. [DEFENSE COUNSEL]: That’s why I’ve had to explain a lot of things to him, more extensively than potentially a normal situation.
THE COURT: Okay.
[DEFENSE COUNSEL]: But we had talked about his testifying and he’s indicated to me he wants to get — to take the stand to explain the fact that he didn’t have the firearm.
THE COURT: Is that correct?
THE DEFENDANT: Yeah.
THE COURT: Okay. Let’s bring in the jury.
To hold criminal proceedings when a defendant is mentally incompetent denies that defendant his constitutional right to a fair trial. Hill v. State, 473 So.2d 1253 (Fla.1985). The test that courts use to determine a defendant’s competency to stand trial is whether the defendant has “sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' — -and whether he has a rational as well as factual understanding of the proceedings against him.” Id. at 1257 (citing Dusky v. U.S., 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)). If the trial court has reasonable grounds to suggest that a defendant is not mentally competent to proceed, the court must conduct a competency hearing. Fla. R.Crim. P. 3.210(b).
Defense counsel never asked for a competency exam, so, we must assume that counsel believed Andrews to be competent. Andrews’s conduct during the trial itself did not demonstrate reasonable grounds to question his competence, nor do we believe that the brief exchange quoted above should have suggested to the trial judge that there existed reasonable grounds to believe that Andrews was incompetent. Kent v. State, 702 So.2d 265 (Fla. 5th DCA 1997).
AFFIRMED.
SHARP, W., and PETERSON, JJ„ concur.

. Florida Rule of Criminal Procedure 3.210(b) states, in pertinent part:
(b) Motion for Examination. If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant’s mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and shall order the defendant to be examined by no more than 3, nor fewer than 2, experts prior to the date of the hearing. Attorneys for the state and the defendant may be present at the examination.