929 So.2d 54 (2006)
James Corey POWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2292.
District Court of Appeal of Florida, Fifth District.
May 12, 2006.
*55 James S. Purdy, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
After entering no contest pleas at arraignment in seven cases for various crimes, James Corey Powell was sentenced in accordance with his plea agreement with the State. He subsequently moved to withdraw his pleas, and after the trial court denied the motion, this appeal ensued. We affirm.
When a defendant files a motion to withdraw a plea after sentencing, he has the burden of proving that "a manifest injustice has occurred." LeDuc v. State, 415 So.2d 721, 722 (Fla.1982). This is a more stringent standard than a motion to withdraw a plea filed before sentencing; the burden falls on the defendant to prove that withdrawal is necessary to correct the manifest injustice. See Lynn v. State, 687 So.2d 39, 41 (Fla. 5th DCA 1997). We conclude that Powell's motion was facially insufficient because it failed to allege that withdrawal of his plea was necessary to correct a manifest injustice. Bradford v. State, 869 So.2d 28, 29 (Fla. 2d DCA 2004). Further, conclusory allegations are insufficient. Rather, a defendant must offer some proof that his plea was not voluntarily entered. Robinson v. State, 761 So.2d 269, 274 (Fla.1999). That was not done here.
AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.