ON MOTION FOR REHEARING

PALMER, J.
We deny Scott Wheeler’s motion for rehearing; however, we withdraw our previous opinion issued on October 21, 2011, and substitute the following opinion in its stead.
Scott Wheeler (defendant) appeals his judgment and sentence which were entered by the trial court after a jury found him guilty of committing the crime of driving under the influence causing death to a human being (DUI manslaughter).[1] Determining that no showing of reversible error has been made, we affirm. Howev *6 er, we write to address one of the claims of error raised by the defendant.
The defendant argues that the trial court erred in the manner in which it weighed the evidence presented during his pretrial suppression hearing. Specifically, he maintains that, in issuing its verbal ruling, the trial court stated that the standard for reviewing the defendant’s suppression motion was as follows:
The trial court must view the evidence in a light most favorable to the prosecution unless the testimony is implausible or incredible as a matter of law.
In so ruling, the trial court cited to State v. Johnson, 695 So.2d 771 (Fla. 5th DCA 1997). The defendant contends that, contrary to the trial court’s verbal statement, during suppression hearings trial courts must weigh the evidence based on the totality of the circumstances, without having any favoritism toward the prosecution. To support this claim, he cites to Lewis v. State, 979 So.2d 1197, 1200 (Fla. 4th DCA 2008). We agree that Lewis properly sets forth the standard to be used by trial courts when ruling on a motion to suppress. See also State v. Littles, 68 So.3d 976 (Fla. 5th DCA 2011). Therefore, we have reviewed this appeal en banc in order to recede from the language in Johnson.
However, we reject the defendant’s claim that the trial court’s error constitutes reversible error because the instant record demonstrates that, as the State aptly notes in its brief, no objection was raised by the defendant during the suppression hearing regarding the trial court’s reliance on the Johnson standard of review. As such, this claim of error has been waived for purposes of appellate review. See Harrell v. State, 894 So.2d 935 (Fla.2005) (explaining that, to properly preserve an issue for appellate review, a defendant must make a timely, specific objection). Furthermore, the defendant did not raise a claim of fundamental error relating to this issue in his initial brief; therefore, this court is not required to undertake a fundamental error analysis. See Fike v. State, 4 So.3d 734, 739 (Fla. 5th DCA 2009) (noting that the burden is on the appellant to demonstrate fundamental error); Williams v. State, 845 So.2d 987 (Fla. 1st DCA 2003) (holding that defendant failed to preserve claim of fundamental error where he did not raise issue until he filed reply brief). See also Sampson v. State, 903 So.2d 1055, 1058-59 (Fla. 2d DCA 2005) (Altenbernd, J., concurring).
AFFIRMED.
ORFINGER, C.J., GRIFFIN, SAWAYA, MONACO, TORPY, LAWSON, EVANDER, COHEN and JACOBUS, JJ., concur.

. See. § 316.193(3)(c)3.a., Fla. Stat. (2008).