TAYLOR, J.
Makenson Saintiler appeals his criminal conviction and sentence for robbery with a weapon, as well as two orders revoking his probation because of the new robbery charge. He also appeals the denial of his Rule 3.170(i) motion to withdraw his plea to these charges. We reverse one of the probation revocation orders, but affirm on all other issues raised by appellant.
We reverse the revocation of appellant’s probation in Case Number 07-12673CF10A because no formal affidavit of violation of probation was ever filed in that case. See Johnston v. State, 684 So.2d 262, 263 (Fla. 4th DCA 1996) (holding that an order revoking probation should be vacated if no formal charge of violation of probation has been filed, and that this issue may be raised for the first time on appeal as fundamental error). We have considered Sampson v. State, 903 So.2d 1055 (Fla. 2d DCA 2005), but find it inapplicable. Here, unlike in Sampson, there is no basis in the record to conclude that an affidavit of violation existed or that appellant was aware of its contents.
We affirm, however, the summary denial of appellant’s motion to withdraw his plea to the new charge of robbery with a weapon in Case' Number 09-13815CF10A. The only ground specifically alleged in the motion was that the plea “was not voluntarily entered into as [appellant] was not fully advised of his rights, and the consequences of his actions on that particular day.” Appellant’s motion was legally insufficient for several reasons.
First, the motion was facially insufficient because appellant did not allege that he would not have entered the plea and would have insisted on going to trial had he been properly informed. Grosvenor v. State, 874 So.2d 1176, 1179 (Fla.2004); Alfred v. State, 998 So.2d 1197, 1200 (Fla. 4th DCA 2009); Grogin v. State, 824 So.2d 984, 984 (Fla. 4th DCA 2002). Second, the motion was facially insufficient because it failed to *305 allege that withdrawal of the plea was necessary to correct a manifest injustice. See Powell v. State, 929 So.2d 54, 55 (Fla. 5th DCA 2006). Third, the motion was facially insufficient because appellant did not set forth any factual basis to support his conclusory allegations. See Williams v. State, 919 So.2d 645, 646-47 (Fla. 4th DCA 2006) (defendant’s bare allegation of “coercion,” unsupported by specific factual allegations, was conclusively refuted by the record); Powell, 929 So.2d at 55 (coneluso-ry allegations are insufficient; a defendant must offer some proof that the plea was not voluntarily entered).
Furthermore, appellant failed to preserve his argument in this appeal that the trial court should have sua sponte ordered a competency evaluation after his counsel informed the court that appellant had problems understanding and retaining information and had prior competency issues. Because this issue was not raised in appellant’s motion to withdraw plea, it was not preserved. See Delisa v. State, 910 So.2d 418, 421 (Fla. 4th DCA 2005) (explaining that the defendant must first preserve the competency issue by presenting it to the trial court in a timely motion to withdraw plea). In any event, on the merits, we find no abuse of discretion in the trial court’s failure to order a competency evaluation where defense counsel’s statements regarding appellant’s difficulty retaining information and his prior mental issues did not give rise to reasonable grounds to question appellant’s competency. See Andrews v. State, 916 So.2d 964, 966 (Fla. 5th DCA 2005) (holding that reasonable grounds to question the defendant’s competency did not exist where the defendant stated in open court that he had “mental problems,” defense counsel told the trial court that he had to “explain a lot of things” to the defendant “more extensively” than normal, and defense counsel never requested a competency exam). Here, the previous competency issues that defense counsel alluded to resulted in a determination that appellant was competent to proceed. Furthermore, similar to Andrews, defense counsel never specifically requested that the court order another competency exam. Moreover, appellant stated during the plea colloquy that he understood what he was doing, i.e., “resolving my case,” and that there was nothing that he did not understand about the proceedings.
Finally, appellant’s argument in this appeal that he was misinformed of the maximum sentence was not raised in the motion to withdraw plea and thus was not preserved for appellate review. See Thompson v. State, 50 So.3d 1208, 1212 (Fla. 4th DCA 2010) (defendant’s argument on appeal regarding affirmative mis-advice was unpreserved where the defendant did not expressly allege affirmative misadvice in his motion to withdraw plea).

Affirmed in part, Reversed in part.

MAY, C.J. and CONNER, J„ concur.