DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HAROLD INGRAHAM, JR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3605

[June 6, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 2016CF010962AXX.

Jacob M. Noble, Palm Beach County, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Harold Ingraham, Jr. appeals the trial court's summary denial of his motion to withdraw his guilty plea. Appellant contends his plea was involuntarily made and that he is entitled to an evidentiary hearing with respect to his motion. Alternatively, he argues that he was denied due process because the trial court did not permit his conflict-free counsel the opportunity to amend the motion. We agree with the trial court that Appellant's motion was facially insufficient to entitle him to an evidentiary hearing. However, we reverse and remand, agreeing with Appellant that he was entitled to have conflict-free counsel amend the motion to withdraw plea.

**Background**

Appellant was charged with sexual battery on a victim eighteen-years of age or older. Pursuant to an agreement with the State, Appellant entered a guilty plea to the lesser charge of aggravated battery. Appellant's initial attorney then filed a motion to withdraw plea. The motion alleged the plea was involuntary because Appellant's initial attorney failed to inform him of the "weakness in the State's case against him until after the plea was accepted." The motion did not identify what "weaknesses" were withheld from Appellant. Also in the motion, Appellant's initial attorney requested to withdraw from the case based on the

nature of the allegations, and asked the court to grant the motion to withdraw plea or appoint conflict-free counsel to further pursue the withdrawal. The trial court granted the initial attorney's request to withdraw and appointed conflict-free counsel to represent Appellant. However, the following day, the trial court summarily denied Appellant's motion to withdraw his plea.

## Analysis

We review the trial court's summary denial of a motion to withdraw a plea after sentencing for abuse of discretion. *Hamil v. State*, 106 So. 3d 495, 497 (Fla. 4th DCA 2013) (citing *Woodly v. State*, 937 So. 2d 193, 196 (Fla. 4th DCA 2006)).

To file a facially sufficient motion to withdraw plea after sentencing, the burden is on the defendant to prove that a manifest injustice has occurred (for example, that the plea was involuntarily entered) and that withdrawal is necessary to correct this injustice. *See id.* (citing *Panchu v. State*, 1 So. 3d 1243, 1245 (Fla. 4th DCA 2009)). But the motion to withdraw plea must be more than a mere recitation of general allegations. *See Saintiler v. State*, 109 So. 3d 303, 305 (Fla. 4th DCA 2013) (finding the motion "facially insufficient because the appellant did not set forth any factual basis to support his conclusory allegations."); *Powell v. State*, 929 So. 2d 54, 55 (Fla. 5th DCA 2006) ("[C]onclusory allegations are insufficient[;] a defendant must offer some proof that his plea was not voluntarily entered."). Here, Appellant's motion was facially insufficient because it did not set forth *any* factual basis to support his conclusory allegation that his initial attorney failed to inform him of certain "weaknesses" in the State's case.

However, Appellant's motion was filed by the same attorney whose purported action/inaction was the basis of the motion to withdraw plea. Not every motion to withdraw plea based on failure to advise requires conflict-free counsel. A trial court is only required to appoint conflict-free counsel if an adversary relationship exists and the defendant's allegations are not conclusively refuted by the record. *See Nelfrard v. State*, 34 So. 3d 221, 223 (Fla. 4th DCA 2010) (citing *Sheppard v. State*, 17 So. 3d 275, 286-87 (Fla. 2009)). Here, the trial court granted the initial attorney's request to withdraw, implicitly acknowledging a potential conflict between Appellant and the initial attorney who prepared the motion to withdraw plea.

"It is difficult to discern how defense counsel could have effectively represented defendant at the motion to withdraw his plea when the very basis for the motion was allegations concerning defense counsel's own misconduct . . . ." *Roberts v. State*, 670 So. 2d 1042, 1045 (Fla. 4th DCA 1996). By summarily denying the motion to withdraw plea the day after conflict-free counsel was appointed, the trial court did not afford an opportunity for this substitute counsel to amend the motion. The inconsistency between appointing substitute

counsel and not permitting that substitute counsel with an opportunity to act on Appellant's behalf is an abuse of discretion.

## Conclusion

We reverse the trial court's denial of Appellant's motion to withdraw plea and remand to allow conflict-free counsel an opportunity to file an amended motion.

*Reversed and Remanded.*

LEVINE and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***