DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DELRAY BEACH COMMUNITY REDEVELOPMENT AGENCY,**
Appellant,

v.

**JAMES ROBINSON, BETTY J. GOODMAN** and **HERMAN L. GOODMAN,**
Appellees.

No. 4D20-1049

[February 24, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward L. Artau and Scott Kerner, Judges; L.T. Case No. 50-2010-CA-017825-XXXX-MB.

Michele A. Cavallaro of Fidelity National Law Group, Fort Lauderdale, for appellant.

Peter M. Feaman of Peter M. Feaman, P.A., Boynton Beach, for appellee James Robinson.

PER CURIAM.

The appellee, James Robinson, obtained a judgment in his favor in his suit against two persons he alleged had fraudulently obtained real property intended for his inheritance. He then initiated proceedings supplementary and impleaded the appellant, Delray Beach Community Redevelopment Agency ("the Agency"). The Agency purchased the real property at issue while Robinson's fraud suit was pending. The trial court ultimately entered summary judgment in favor of Robinson, imposing an equitable lien of an unspecified amount. We affirm the summary judgment to the extent it imposes an equitable lien on the property, but we reverse and remand for the trial court to specify the amount of the lien.

The Agency's argument on appeal revolves around an interpretation of a particular subsection of the lis pendens statute. The Agency's interpretation of that subsection of the statute appears to have merit. However, the Agency did not rely on that subsection in its arguments below. Indeed, the summary judgment contains no discussion of the subsection of the statute relied on by the Agency on appeal. It is not clear

the trial court considered that subsection. In sum, the trial court did not have the benefit of the specific argument the Agency now raises on appeal, and Robinson did not have the opportunity to respond to that argument. Because the argument made on appeal was not made below, it is not preserved for appeal. *See Steinhorst v. State*, 412 So. 2d 332, 338 (Fla. 1982) (recognizing that in order to preserve an issue for appeal, the issue must have been presented to the lower court and the argument on appeal "must be the specific contention asserted . . . below").

The Agency asserts in its reply brief that the error raised on appeal amounts to fundamental error. But it waived this argument by not raising it in its initial brief. *See Wheeler v. State*, 87 So. 3d 5, 6 (Fla. 5th DCA 2012).

Although we affirm the summary judgment, we reverse the judgment to the extent it fails to specify the amount of the equitable lien. We remand for the trial court to specify the amount of the equitable lien. *See Radin v. Radin*, 593 So. 2d 1231, 1233 (Fla. 3d DCA 1992) (reversing and remanding for entry of amended order where the order did not make the amount of the equitable lien apparent). We affirm as to the other arguments the Agency raises regarding the amount of the lien.

*Affirmed in part, reversed in part, and remanded.*

CIKLIN, CONNER and KLINGENSMITH, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

2