# Third District Court of Appeal
## State of Florida

Opinion filed March 11, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0417
Lower Tribunal No. F22-6117
_____

**Carl Monty Watts, Jr.,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Eugene F. Zenobi, Office of Criminal Conflict and Civil Regional Counsel, and Kristen Kawass, Assistant Regional Counsel, for appellant.

James Uthmeier, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.

Before EMAS, LOBREE and BOKOR, JJ.

PER CURIAM.

Affirmed. See Toomer v. State, 410 So. 3d 709, 713–14 (Fla. 3d DCA 2025) (holding "that the trial court did not abuse its discretion in denying Toomer's motion as facially insufficient or otherwise conclusively refuted by the record," and "the failure to appoint conflict-free counsel was not erroneous, as Toomer's allegations were conclusively refuted by record," and noting that "[i]t is beyond peradventure that a defendant is bound by the statements he makes and answers he gives to the trial court during the plea colloquy"); Saintiler v. State, 109 So. 3d 303, 305 (Fla. 4th DCA 2013) (affirming the summary denial of a defendant's motion to withdraw plea as the motion was "facially insufficient because [the defendant] did not set forth any factual basis to support his conclusory allegations"); Wendt v. State, 19 So. 3d 1024, 1026 (Fla. 3d DCA 2009) ("The need for appointment of conflict-free counsel does not arise, however, unless the defendant has alleged in his rule 3.170(*l*) motion facts constituting a conflict with the attorney who represented him at the time he entered the plea.").