440 So.2d 464 (1983)
David JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. AP-381.
District Court of Appeal of Florida, First District.
November 3, 1983.
P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Richard A. Patterson, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Appellant, David Johnson, the defendant below, was convicted of burglary of a dwelling and grand theft of a firearm and other property. He seeks reversal of his conviction and a new trial on grounds that, in another criminal case some two years before, he had been adjudicated incompetent to stand trial and found not guilty by reason of insanity and his competency had not been restored in a judicial proceeding. We reject defendant's argument and affirm.
In 1980, defendant was charged with burglary in the circuit court for Clay County, Florida. After a hearing on the question of his competency to stand trial, the court entered an order declaring defendant incompetent and committing him for involuntary hospitalization pursuant to Section 916.13, Florida Statutes. Approximately four months later, in April 1981, the court received a report of the appointed experts that defendant was then capable of standing trial but that he had been insane at the time of the commission of the alleged offense. At a hearing on defendant's motion, the court entered judgment of acquittal by reason of insanity and ordered defendant discharged and released from custody.
After being charged in 1982 with the offense of burglary here under review, defendant entered a plea of not guilty and, referring to the above orders, moved, pursuant to Rule 3.210, Florida Rules of Criminal Procedure, for the appointment of two experts to examine him and determine his mental condition. The court thereupon appointed two experts to examine defendant, who did so and reported that defendant was competent to stand trial and was sane at *465 the time of the commission of the alleged offenses. The report was received and filed by the court, and no further hearing was held on the matter. Thereafter, the case went to trial and defendant did not raise any question concerning his mental competency. The jury found defendant guilty as charged, and the court entered the judgment and sentence here appealed.
Defendant contends that, by reason of his previous adjudication of incompetency to stand trial and adjudication of not guilty by reason of insanity, there is a legal presumption that he continues to be incompetent and, thus, cannot be tried and convicted of the offenses charged until his competency has been restored in a judicial hearing, citing Eason v. State, 421 So.2d 35 (Fla. 3d DCA 1982), and Alexander v. State, 380 So.2d 1188 (Fla. 5th DCA 1980). Accordingly, defendant argues, his conviction and sentence must be set aside and the case remanded for a new trial. We disagree for two reasons.
In the first place, the presumption relied upon by defendant contemplates an adjudication of legal incompetency in a proceeding held for that purpose. The presumption does not become operative by reason of an order adjudicating defendant incompetent to stand trial and committing him to a hospital for a limited period of time for treatment. This is made quite explicit by the provisions of Section 916.13, Florida Statutes, under which defendant was originally committed in 1980:
An adjudication of incompetency to stand trial shall not operate as an adjudication of incompetency ... for any other purpose unless specifically set forth in the court order.[1]
The order relied upon by defendant in this case did not specify such additional purpose and, thus, was not the type of adjudication of incompetency that would give rise to the presumption. See, King v. State, 387 So.2d 463 (Fla. 1st DCA 1980).
In the second place, defendant failed to timely raise any objection on the ground of incompetency during trial. At sentencing, defense counsel expressly argued to the court that he was not contending the defendant was insane but, rather, that he was suffering from diminished capacity, and counsel urged the court to consider that as a mitigating factor in passing sentence.
The judgment is AFFIRMED.
MILLS and SHIVERS, JJ., concur.
NOTES
[1] The predecessor to Section 916.13, Florida Statutes, was Section 925.10(2), Florida Statutes (1979), which similarly provided:

An adjudication of incompetency to stand trial shall not operate as in adjudication of incompetency for purposes of civil proceedings unless such adjudication is specifically set forth in the order, in which case a guardian of the person shall be appointed.