619 So.2d 471 (1993)
Sherrond Deangelo CUE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3731.
District Court of Appeal of Florida, First District.
June 11, 1993.
*472 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Sonya Roebuck Horbelt, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
This is an appeal from an order revoking probation. Appellant contends the revocation order is deficient, in that it does not set forth the specific conditions of probation which appellant was found to have violated. We affirm the order revoking probation, but remand for amendment of the order to reflect the specific terms and conditions of probation violated.
A trial court's formal written order finding the probationer in violation of the terms and conditions of probation must conform to the oral pronouncements at the revocation hearing and sentencing. Brundage v. State, 593 So.2d 1227 (Fla. 1st DCA 1992); Dantler v. State, 584 So.2d 198 (Fla. 1st DCA 1991). At the hearing in this cause, the trial court found appellant willfully and substantially violated one of the three alleged violations set forth in the affidavit of violation of probation. However, the order revoking probation fails to state the specific grounds for the revocation.
Accordingly, the order revoking appellant's probation is affirmed, but the cause is remanded with directions to enter a written order conforming to the court's oral pronouncements at sentencing.
ERVIN and ALLEN, JJ., concur.