ERVIN, Judge.
Willie Youngblood appeals his conviction for burglary and sentence as a habitual felony offender in Case No. 93=4113, and his revocations of probation in Case Nos. 93-4112 and 93-4109.[1] We affirm the conviction, •revocations and sentences, but remand Case Nos. 93-4112 and 93-4109 for the trial court to conform the written orders to the oral pronouncements at the hearing.
The trial court initially concluded that Youngblood was incompetent to stand trial, and he was placed in a treatment facility for four months. Dr. Earnest C. Miller evaluated Youngblood twice before commitment and twice afterward, and ultimately concluded that he was malingering, based upon the normal results of neurological testing and the exaggerated ■ and implausible responses Youngblood had given during his examinations. Dr. Harry Krop examined Young-blood once for 40 minutes and opined that he was incompetent to stand trial and recommended neurological testing. Dr. Krop, however, acknowledged that the treatment hospital had excluded organic brain disorder as the source of any of Youngblood’s problems and admitted that he could not rule out the possibility that Youngblood was malingering. The trial court found Youngblood competent to proceed to trial.
On the morning of trial, appellant became disruptive during a pretrial hearing, cursing and demanding to go back to his cell. The court and defense counsel had an extensive colloquy over the judge’s resolve to bring Youngblood into the courtroom for trial with shackles in order to deter him from acting up in the presence of the jury. Defense counsel was opposed to this course, saying that he had been unable to persuade Youngblood to wear civilian clothing instead of his orange prison garb. The defense asked the court to appoint a mental health expert to determine whether Youngblood was competent to stand trial and to perform neurological testing, which the court denied. After counsel cautioned his client, Youngblood returned to the courtroom without shackles and attired in civilian clothing.
The jury found Youngblood guilty of burglary of a dwelling and, after concluding that Youngblood was competent to proceed to sentencing, the court revoked his probation in Case Nos. 93-4112 and 93-4109 and sentenced him as a habitual offender to 30 years in prison for his commission of the burglary offense and 22 years in prison as to each of the probation revocation cases, all to be served concurrently.
We conclude that the lower court did not err in finding appellant competent for trial. Even if a defendant is competent at the commencement of trial, the court must be alert to circumstances suggesting that his condition has changed and he is no longer able to meet the standard of competence. Nowitzke v. State, 572 So.2d 1346 (Fla.1990). In the case at bar, however, there was sufficient evidence for the court to conclude that Youngblood had been malingering. United States v. Kokoski, 865 F.Supp. 325 (S.D.W.Va.1994); State v. Jackson, 600 So.2d 739 (La.Ct.App.1992). Youngblood’s conduct the morning of trial did not provide the court with reasonable grounds to require a reconsideration of Youngblood’s competency. We find no abuse of the court’s discretion in such regard.
We affirm the remaining issues, but remand Case Nos. 93-4112 and 93-4109 for correction of the written orders of revocation to remove the statement therefrom reciting *229 that appellant had admitted his violations, and to include the declaration that he had violated condition five of his probation by committing a crime. Cue v. State, 619 So.2d 471 (Fla. 1st DCA 1993).
AFFIRMED and REMANDED for further proceedings consistent with this opinion.
JOANOS and WOLF, JJ., concur.

. On our own motion, we consolidate these three cases for the purpose of preparing one opinion.