PER CURIAM.
Livingston Wood (Wood) challenges the trial court’s revocation of his probation and the sentence imposed thereon. His appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After reviewing the record, we agree with his counsel that there are no meritorious issues for appeal except for an error warranting remand of the written revocation order with instructions.
Wood was charged with violating three conditions of his probation, yet only one was discussed and proven at the hearing. Nevertheless, the written revocation order stated Wood violated “conditions of his probation as cited” in the affidavit of violation. Accordingly, we remand for entry of a written order setting forth the specific conditions of proba *1218 tion which the trial court orally found Wood violated. Martin v. State, 674 So.2d 906 (Fla. 1st DCA 1996)(remanding for entry of written order conforming to oral pronouncement); Cue v. State, 619 So.2d 471 (Fla. 1st DCA 1993)(remanding for entry of written order reflecting specific terms and conditions of probation violated).
We affirm the revocation of probation and sentence imposed in all other respects.
AFFIRMED and REMANDED.
MINER, MICKLE and LAWRENCE, JJ., concur.