718 So.2d 330 (1998)
Brian D. HODGSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2352.
District Court of Appeal of Florida, Fourth District.
September 16, 1998.
*331 Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
STONE, Chief Judge.
We affirm Appellant's conviction and sentence. The trial court's failure to sua sponte undertake a competency investigation when Appellant withdrew his guilty plea and elected to stand trial was not an abuse of discretion.
Appellant withdrew his plea upon learning the sentence that was about to be imposed. The court conducted an inquiry to determine that Appellant's change in plea, to not guilty, was knowing, voluntary, and competently entered. In the course of the plea colloquy, Appellant's counsel disclosed that Appellant had been treated in the past for mental illness. Appellant also stated that he had been on medication incident to the prior treatment; however, when the court specifically inquired whether Appellant was currently supposed to be taking medication, he responded, "no, not now." There is no indication in the record that Appellant had any difficulty in understanding and answering the court's questions or had any difficulty communicating with or assisting counsel. Appellant responded positively to all of the court's inquiries concerning whether he understood the proceedings, was satisfied with counsel, and had enough time to confer.
At no time did defense counsel ever seek to have Appellant's competency determined, and there was nothing in Appellant's conduct or manner of response to raise concern. The fact that Appellant had experienced mental problems in the past does not mean that the defendant is not now competent to stand trial. See Muhammad v. State, 494 So.2d 969 (Fla.1986). The fact that a defendant has previously been prescribed medication does not necessitate holding a competency hearing. See Watts v. Singletary, 87 F.3d 1282 (11th Cir.1996). Although counsel's failure to request a competency evaluation is not, alone, dispositive, it is evidence that competency to stand trial was not, at that time, in doubt and that defense counsel saw no need for a competency hearing. Id. at 1288.
A trial court's decision regarding whether to hold a competency hearing is governed by an abuse of discretion standard. As [now] Justice Pariente noted, concurring in Kleinfeld v. State, 665 So.2d 1059, 1062 (Fla. 4th DCA 1995), "[t]he trial court's first-hand observations of defendant's conduct during trial, rather than the cold record, places the trial court in a superior vantage point" in making a competency determination as with any other evidentiary issue. We cannot conclude that the court's failure to sua sponte order an evaluation or conduct a further hearing here was an abuse of discretion.
STEVENSON and TAYLOR, JJ., concur.