797 So.2d 1278 (2001)
Ephone KELLY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4210.
District Court of Appeal of Florida, Fourth District.
October 31, 2001.
*1279 Carey Haughwout, Public Defender, and Margaret Good Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, C.J.
Ephone Kelly timely appeals after the trial court convicted him of two counts of simple assault on a police officer and thereafter revoked his probation.[1] He was sentenced to one year in county jail with credit for time served. He argues the court erred when it failed to order that he undergo a competency evaluation before trial ensued. We agree and reverse his conviction.
The trial judge in this case acknowledged on the record that he had been familiar with Kelly, a mental health patient, for twenty years. He was also advised by Kelly's mental health counselor and attorney that Kelly had refused to take his medication (Haldol). On the day of trial, defense counsel advised that Kelly was competent to stand trial, but opined that he had a "reduced capacity to deal with stressful situations...." Kelly then piped in that he "never did nothing wrong in my whole life. I'm ready to get out of... the country and go somewhere and lay up." The judge then stated that while Kelly was technically competent, "he's borderline. You know it as well." While the state wanted to admit Kelly to a treatment facility, the judge replied, "There is no appropriate facility. An appropriate facility for Ephone would be someplace where he would be put away for life in a home type situation that's secure. And they don't have them." Defense counsel then said he wanted a trial, so the court ordered Kelly to "[s]it down ... we're gonna have the trial."
Trial then proceeded. The state presented evidence that Kelly held up two large rocks and gestured as if he was going to throw them at some officers. It also showed Kelly threw a rock over one officer's head. During this incident, Kelly spoke to the officers about Jesus, ranting that "Jesus died, so I'm gonna die, and I'm taking someone with me." Kelly was disruptive during trial and had to be admonished by the court to sit down.
The court granted Kelly a judgment of acquittal on two of the counts. However, it found him guilty of two counts of simple assault, a lesser included offense, and of violating his probation. It thereupon revoked Kelly's probation and sentenced him to time served. It then terminated Kelly's probation, and sentenced him on the assault counts to two concurrent one-year sentences in the county jail with 129 days credit for time served.
To hold criminal proceedings when a defendant is mentally incompetent would deny that defendant his constitutional right to a fair trial. Hill v. State, 473 So.2d 1253 (Fla.1985). The test courts use to determine a defendant's competency *1280 to stand trial is whether that defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understandingand whether he has a rational as well as factual understanding of the proceedings against him." Id. at 1257 (citing Dusky v. U.S., 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)). Overall, if the trial court has reasonable grounds to suggest that a defendant is not mentally competent to proceed, the court must conduct a competency hearing. Id. at 1256; Fla. R.Crim. P. 3.210(b).[2] This court's standard of review of a trial court's decision regarding whether to hold a competency hearing is an abuse of discretion. Hodgson v. State, 718 So.2d 330, 331 (Fla. 4th DCA 1998).
We hold the trial court abused its discretion in not sua sponte holding a competency hearing before proceeding with trial. The court found on the record that Kelly was only borderline competent. This finding is supported by Kelly's disruptive behavior during trial, nonsensical ramblings about leaving the country, and rantings about Jesus. Because all the parties involved, including defense counsel, worried about Kelly's "reduced capacity," it was incumbent upon the court to speak up and order a hearing when no one else asked for it. Accordingly, we reverse and remand this case to the trial court to hold a competency hearing before allowing the parties to proceed with trial.
While our reversal on this point on appeal moots Kelly's remaining point on appeal, i.e., whether he was denied his fundamental right to trial by jury, we nevertheless have chosen to address it in case the same issue arises on remand. A defendant may orally waive the right to jury trial if the defendant is represented by counsel and receives full explanation of the consequences of the waiver by the trial judge. Tucker v. State, 559 So.2d 218, 220 (Fla.1990). However, the waiver must be knowing and intelligent. Id. In the instant case, the record does not contain any affirmative showing, either in writing or orally, that Kelly agreed to waive his right to a jury trial. The court did not conduct any colloquy with Kelly concerning waiver nor did Kelly make any statements suggesting he wanted to forego his right to have his case tried before a jury. The mere fact that neither Kelly nor his attorney objected to the trial judge sitting as the sole trier of fact was insufficient to establish waiver. See State v. Upton, 658 So.2d 86 (Fla.1995)(holding the mere fact that Upton remained silent during the trial and did not object to the judge sitting as the fact-finder was insufficient to demonstrate that he agreed with the waiver). In short, we believe Kelly did not knowingly, voluntarily and intelligently waive his right to a trial by jury.
REVERSED and REMANDED for competency hearing.
WARNER and GUNTHER, JJ., concur.
NOTES
[1] Documents pertaining to his probation are not in the record. It appears he was given probation for a misdemeanor.
[2] Rule 3.210(b) provides,

If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and shall order the defendant to be examined by no more than 3, nor fewer than 2, experts prior to the date of the hearing. Attorneys for the state and the defendant may be present at the examination.
Fla. R.Crim. P. 3.210(b)(emphasis supplied).