910 So.2d 418 (2005)
Christopher DELISA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-2594.
District Court of Appeal of Florida, Fourth District.
September 21, 2005.
*419 Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, C.J.
Christopher Delisa appeals the revocation of his probation and subsequent prison sentence. Because we agree that the trial court should have held a competency hearing and declared Delisa competent before proceeding with the violation of probation (VOP) hearing, we reverse.
The State filed an information on June 6, 2001, charging Delisa with robbery. The trial court found Delisa incompetent to stand trial on July 16, 2001, and again on November 28, 2001. Although declared incompetent, Delisa pled guilty to the charge on August 7, 2002, and was sentenced to three years of mental health probation. He was subsequently charged with violating his probation on June 1, 2004, by driving with a suspended license, failing to make his probation officer aware of contact with law enforcement officers, and testing positive for cocaine during a random drug test.
Based on Delisa's prior incompetency adjudications, the trial court appointed two experts to evaluate Delisa prior to the VOP hearing. During the hearing, counsel for Delisa informed the trial judge that one expert, Dr. Trudy Block-Garland, had filed a report finding Delisa competent, but the second, Dr. Michael Walzcak, had yet to observe Delisa and render an opinion regarding competency. The trial court continued the proceedings until the next day so Delisa could be evaluated by Dr. Walzcak. A few days later, on June 23, *420 2004, the trial court proceeded with the VOP hearing despite Walzcak's inability to evaluate Delisa. The trial court noted that, from its courtroom observations, Delisa behaved appropriately, was articulate, and understood both the adversary nature of the proceedings and the potential penalties. The court further stated that despite its desire to have Delisa evaluated by Dr. Walzcak, it would not stay the proceedings. Immediately following the VOP hearing, the trial court found Delisa in violation of his probation and sentenced him to fifteen years in Florida State Prison.[1]
On appeal, Delisa contends that the trial court should have held a competency hearing and issued a competency order prior to proceeding with the revocation of probation hearing. The standard of review of a trial court's determination concerning whether to conduct a competency hearing is an abuse of discretion. See Kelly v. State, 797 So.2d 1278, 1280 (Fla. 4th DCA 2001); Hodgson v. State, 718 So.2d 330, 331 (Fla. 4th DCA 1998). The trial court must act sua sponte, or on counsel's motion, to enter an order for a competency hearing if there are reasonable grounds to believe that the defendant is incompetent to proceed. Kelly, 797 So.2d at 1280; see also Fla. R.Crim. P. 3.210(b). Here, we agree that the trial court abused its discretion when it neglected to hold a competency hearing for Delisa. Delisa's two prior incompetency adjudications provided reasonable grounds to believe that he was incompetent to proceed and gave rise to a presumption of incompetency.
The law is well-settled that once a defendant has been found incompetent to proceed at trial, that defendant is presumed to remain incompetent until a court enters an order finding him competent. See Blue v. State, 837 So.2d 541, 543 (Fla. 4th DCA 2003). The State relies on Johnson v. State, 440 So.2d 464 (Fla. 1st DCA 1983), where the court concluded that the defendant, adjudicated incompetent in a prior criminal proceeding, was not presumptively incompetent to participate in a subsequent criminal proceeding. Johnson, however, is factually distinguishable from the instant case.
In Johnson, the trial court entered an order declaring Johnson incompetent to stand trial for a burglary offense and committing him to involuntary hospitalization. Approximately four months later, the court received a report from the appointed experts concluding that Johnson was then competent to stand trial, but had been insane at the time of the commission of the offense. On Johnson's motion, the trial court entered a judgment of acquittal by reason of insanity. Johnson was later charged with burglary and grand theft and moved for the appointment of experts to determine his mental condition. Two experts were appointed and opined that Johnson was competent to stand trial. No further hearing was held on the matter and the case went to trial. Johnson was found guilty as charged. On appeal, the court rejected Johnson's contention that a presumption of incompetency remained from the initial burglary case and concluded that the trial court did not err in proceeding with the new charges without holding a competency hearing. Unlike the instant case, in Johnson, on at least two separate occasions, all appointed experts reported that Johnson was competent to stand trial prior to the time the trial court *421 proceeded. Further, after the trial court held a competency hearing, found Johnson incompetent, and ordered involuntary hospitalization in the initial burglary case, the experts later reported to the same judge that Johnson had indeed become competent to stand trial. It was only after the experts reported that Johnson had been restored to competency that the trial court entered a judgment of acquittal on the basis that Johnson was insane at the time the crime was committed. See 440 So.2d at 464-65.
Additionally, we reject the State's claim that Delisa waived his right to a competency hearing since he did not raise the issue in the trial court. A presumptively incompetent defendant is not sui juris until the court declares the defendant such, and when a defendant is not sui juris, a defendant cannot waive his right to a competency hearing. See Metzgar v. State, 741 So.2d 1181, 1183 (Fla. 2d DCA 1999); Alexander v. State, 380 So.2d 1188, 1190 (Fla. 5th DCA 1980). Delisa was not sui juris because of his prior incompetency adjudications. Thus, Delisa could not have waived his right to a competency hearing.
Delisa contends that this court should also reverse the plea to the robbery offense since he was not competent or sui juris at the time. In order to challenge the voluntariness of a plea, a defendant either must have specifically reserved a dispositive issue for appeal or filed a motion to withdraw the plea in the trial court. See Burns v. State, 884 So.2d 1010, 1012 (Fla. 4th DCA 2004); see also Fla. R.App. P. 9.140(b)(2). To be timely, a defendant must file an appeal with the lower court within thirty days. See Fla. R.App. P. 9.140(b)(3). Likewise, competency is not a dispositive issue since it only precludes the trial from immediately proceeding. See Fuller v. State, 748 So.2d 292, 294 (Fla. 4th DCA 1999). Because Delisa never filed a motion to withdraw his plea, reserving the issue for appeal, or timely filed an appeal on the voluntariness of the plea, we find that the issue of whether the trial court should have accepted the plea to the underlying robbery charge is not properly before this court.
While our reversal on Delisa's first issue renders his third issue on appeal moot, i.e., whether the trial court erred by not entering an order enumerating the conditions of probation Delisa violated, we note that a written order revoking probation and specifying the conditions violated is necessary for finding a violation of probation. See Defontes v. State, 889 So.2d 217, 217 (Fla. 4th DCA 2004); Riley v. State, 884 So.2d 1038, 1038 (Fla. 4th DCA 2004). Here, no such written order was entered.
In conclusion, we reverse and remand with instructions for the lower court to appoint experts to evaluate Delisa's competency and then conduct a competency hearing.[2] The trial court, as a result of the findings at the competency hearing, shall then proceed accordingly. See Fla. R.Crim. P. 3.212.
Affirmed in part, Reversed in part and Remanded.
SHAHOOD and GROSS, JJ., concur.
NOTES
[1] Approximately two months after the VOP hearing and Delisa's sentencing, Dr. Walzcak issued a report opining that Delisa was competent as of that date, but made no determination as to his competency at the time of the VOP hearing.
[2] Remanding the case for entry of a nunc pro tunc order of competency would be ineffective as there is no assurance that Delisa's competency can be accurately determined as of the time of the VOP hearing. See Mason v. State, 489 So.2d 734, 737 (Fla. 1986).