976 So.2d 690 (2008)
Tony Anthony PICKLES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3028.
District Court of Appeal of Florida, Fourth District.
March 19, 2008.
*691 Ruth M. Martinez-Estes, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Tony Pickles appeals a judgment of conviction and sentence for trespass, burglary of a dwelling, and petit theft. He claims that the trial court denied him due process by failing to conduct a competency examination. Under the facts of this case, we conclude that no due process violation has occurred. We therefore affirm.
The state charged Pickles in 2004 with seven counts of burglary of a dwelling and grand theft. Because of concerns about Pickles's competency, in March of 2005 the trial court ordered a competency evaluation. After one examiner, Dr. Strauss, deemed Pickles competent, Pickles stipulated to competency, allowing the trial on counts two through five to go forward. The jury returned a guilty verdict and the court imposed a life sentence in September of 2005. We affirmed his convictions and sentence without opinion. Pickles v. State, 965 So.2d 144 (Fla. 4th DCA 2007).
On February 14, 2006, the court began proceedings on the remaining counts. Potential jurors were brought in, but before the attorneys began voir dire, Pickles had a violent outburst, and deputies had to restrain him. Pickles demanded a psychological evaluation. Following these outbursts the judge offered either to have him bound and gagged in front of the jury or to place him in a separate room where he could monitor the trial but not be heard. Pickles kept cursing and acting out, and the judge determined that he should be placed in a separate room with closed circuit monitoring of the courtroom.
In the midst of these rantings, defense counsel moved to appoint two doctors to conduct a competency evaluation. The attorney explained that since the public defender's office assigned him to Pickles's case, "I have been unable to communicate with Mr. Pickles; he's either been unable or unwilling to assist in his own defense, and I can't determine which it is, because he won't communicate with me." Defense counsel raised the competency issue because of the communication barrier and because of Pickles's courtroom behavior. The prosecutor argued that Pickles had already stipulated to competency.
Although the judge expressed the opinion that Pickles was acting out deliberately to disrupt the justice system, the judge noted that the defendant had raised the issue, and the court would appoint experts to examine Pickles. Subsequently, the court entered written orders, pursuant to Florida Rule of Criminal Procedure 3.210(b), appointing two experts to examine Pickles and determine whether he was competent to stand trial. Both experts found him competent to stand trial.
Defense counsel moved for a competency hearing arguing that the court must make a finding on competency in light of the reports, defendant's courtroom behavior, and defense counsel's inability to communicate with defendant. The court responded that defense counsel must point to "something that would suggest that the two experts, who say [Pickles] is competent to proceed and that [Pickles] is malingering, will change their testimony or will . . . give testimony that is inconsistent with their filed reports." Defense counsel did not respond or proffer any proposed evidence he would offer to counter the reports. Accordingly, based on the court's observations of Pickles, who had appeared before it thirty-five times, and the conclusions *692 reached by the appointed examiners, the court concluded that Pickles was competent to proceed without the benefit of a further evidentiary hearing.
Throughout the trial, Pickles refused to communicate with his attorneys or wear the headphones provided to him in the holding cell. Nevertheless, his attorneys attempted to consult with Pickles at various points throughout the proceedings. Pickles was constantly "yelling and screaming," repeatedly refusing to speak with his attorneys who, according to the judge, were "doing everything in [their] power to have [the] client participate."
Defense counsel renewed his motion for a competency hearing noting, "What I have observed on the video . . . screen, . . . as this trial has been going on, is Mr. Pickles repeatedly smacking his own head against a . . . glass pane and screaming at the top of his lungs." When counsel attempted to speak with Pickles "he went crazy and started screaming and yelling at the top of his lungs, calling me an assortment of names." The court denied the motion stressing that it "concur[red] with the experts, that [Pickles] is malingering."
Pickles decided to exercise his right to take the stand in his own defense. Pickles's attorney again moved for a competency hearing. He reiterated the disruptive behavior that Pickles had exhibited and his failure to communicate. The court asked whether the defense had talked to one of the experts and discovered a changed opinion. Counsel admitted that he had not spoken with the experts and simply stated that Pickles was not displaying appropriate courtroom behavior. The court denied the request, concluding that there was no reasonable ground to believe that Pickles was incompetent but was merely faking it. Pickles took the stand and testified without incident.
The jury convicted Pickles, finding him guilty in some instances of lesser offenses of the crimes charged. The court sentenced him to fifteen years in prison, concurrent with his prior sentences. He appeals.
Pickles argues that the trial court erred in failing to conduct a competency hearing in light of his behavior throughout the trial. We review determinations of the trial court not to hold a competency hearing under an abuse of discretion standard. See Delisa v. State, 910 So.2d 418, 420 (Fla. 4th DCA 2005).
"To hold criminal proceedings when a defendant is mentally incompetent would deny that defendant his constitutional right to a fair trial." Kelly v. State, 797 So.2d 1278, 1279 (Fla. 4th DCA 2001). In Hill v. State, the supreme court held that "the appropriate test for determining competency," 473 So.2d 1253, 1257 (Fla. 1985), is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him." Id. (quoting Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)) (emphasis omitted). If the application of this test results in "a reasonable ground to believe that the defendant is not mentally competent to proceed," the trial court's failure to conduct a competency hearing and order psychological evaluations under rule 3.210(b) "constitutes an abuse of discretion." Burns v. State, 884 So.2d 1010, 1013 (Fla. 4th DCA 2004). In addition to applying the Hill test, Florida case law directs "trial court[s][to] consider all the circumstances," Calloway v. State, 651 So.2d 752, 754 (Fla. 1st DCA 1995), keeping in mind that "[t]here are no `fixed or immutable signs that always' require a *693 competency hearing." Id. (quoting Scott v. State, 420 So.2d 595, 597 (Fla.1982)).
Florida Rule of Criminal Procedure 3.210(b) establishes the procedure when the competency of the defendant becomes an issue. It provides:
If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant's mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and shall order the defendant to be examined by no more than 3, nor fewer than 2, experts prior to the date of the hearing. . . .
When counsel moves for a competency examination, "[a] written motion for the examination made by counsel for the defendant shall contain a certificate of counsel that the motion is made in good faith and on reasonable grounds to believe that the defendant is incompetent to proceed." Fla. R.Crim. P. 3.210(b)(1). Here, counsel never made a written motion and thus did not certify in good faith that he believed that Pickles was incompetent to proceed. His "reasonable grounds" consisted of Pickles's behavior in the courtroom, which the judge also witnessed, and Pickles's failure to communicate with counsel.
The purpose of a competency hearing is to resolve factual disputes "arising from different expert opinions." Boyd v. State, 910 So.2d 167, 187 (Fla.2005) (emphasis added). Here, however, all of the expert opinions were consistent.
In this case Pickles was first determined competent by an expert in 2005. As a result, he stipulated to his competency for purposes of his first trial, which resulted in a conviction and life sentence. The court noted that after that sentence, the defendant began his disruptive behavior and refusal to cooperate with his lawyers.
In Boyd, the supreme court noted the effect of a determination of competency on further proceedings:
Once a defendant is determined competent to stand trial, a presumption of competence attaches to the defendant in later proceedings. However, another competency hearing is required if a bona fide question as to the defendant's competency has been raised. We will affirm the trial court's decision absent an abuse of discretion.
Id. (citations omitted).
Although the trial court expressed the opinion that Pickles was competent, it acceded to defense counsel's request to obtain another competency evaluation prior to the start of the second trial. When the competency reports confirmed his competency, the trial court did not hold an evidentiary hearing. The court reviewed the reports and had ample occasion to observe the defendant's behavior in the thirty-five appearances he had made before this judge, as well as multiple letters that Pickles would write to the judge, which the judge characterized as intelligent, articulate, and cogent. Three experts had all opined that the defendant was competent but merely malingering. There was no dispute between any of the experts.
An evidentiary hearing is required if it "reasonably appears necessary." Rolle v. State, 493 So.2d 1089, 1090 (Fla. 4th DCA 1986) (emphasis omitted). The trial court did not abuse its discretion in determining that an evidentiary hearing did not appear reasonably necessary in light of the three consistent expert reports finding Pickles competent to stand trial. Although Pickles engaged in disruptive behavior and refused *694 to communicate with his attorneys, the court had dealt with this defendant longer than his own attorney and had observed his manipulative behavior. The court also acknowledged Pickles's intelligence and obvious understanding of the system. From this record we conclude that the defendant was not denied due process by the trial court's refusal to conduct an evidentiary hearing.
Pickles also raises an issue regarding the sufficiency of the state's DNA expert's knowledge of the reliability of the crime lab's DNA database. However, we conclude that this specific objection was not made at trial and thus not preserved for review.
For the foregoing reasons, we affirm the conviction and sentence.
FARMER and GROSS, JJ., concur.