# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-1809

_____

JOSHUA LEON WALKER,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Mark J. Borello, Judge.

February 9, 2018

KELSEY, J.

Appellant raises three issues in this direct appeal from a judgment and sentence for armed robbery with a deadly weapon. We find one reversible error that requires further proceedings below, and affirm on the other two issues.

## I. PRE-TRIAL SUGGESTION OF INCOMPETENCE

Further proceedings are required to establish Appellant's competency. Appellant's counsel filed a Suggestion of Mental Incompetence in compliance with Florida Rule of Criminal Procedure 3.210, specifying a factual basis for doubting Appellant's competency, representing that an expert had found Appellant incompetent to proceed, requesting further evaluation, and certifying that the suggestion was filed in good faith and on

reasonable grounds. The trial court took no action on the suggestion. Several weeks later, and just a few days before trial, defense counsel withdrew the Suggestion of Mental Incompetence. Just a few days after that, between voir dire and jury selection, defense counsel reported to the court that Appellant was claiming not to understand the proceedings, but that counsel had had Appellant evaluated and the report deemed him competent. Counsel did not file the competency report, but represented as an officer of the court that Appellant had been deemed competent. The trial court held no competency hearing and made no independent adjudication or written determination of Appellant's competence. The parties then proceeded to trial. On the facts of this case, this was reversible error.

It is a due process violation to proceed against an incompetent criminal defendant. *Dougherty v. State*, 149 So. 3d 672, 676 (Fla. 2014); *see also Zern v. State*, 191 So. 3d 962, 964 (Fla. 1st DCA 2016); *Cotton v. State*, 177 So. 3d 666, 667-68 (Fla. 1st DCA 2015). Not even the defendant's own stipulation to competency relieves the trial court of the obligation to hold a competency hearing and adjudicate the issue of competency if there are reasonable grounds to question competency. *Dougherty*, 149 So. 3d at 677-78.

A competency hearing is mandatory if there are reasonable grounds to suggest a defendant is not mentally competent to proceed with trial. *Brooks v. State*, 180 So. 3d 1094, 1095 (Fla. 1st DCA 2015). The trial court must independently determine that there are reasonable grounds to question the defendant's competency before the obligation to hold a competency hearing arises. *Rodgers v. State*, 3 So. 3d 1127, 1132 (Fla. 2009) ("Under rule 3.210(b), the trial court must hold a hearing to determine a defendant's mental condition *only* where the court 'has reasonable ground to believe that the defendant is not mentally competent to proceed.' Fla. R. Crim. P. 3.210(b)." (emphasis added)). While the trial court is not obligated to accept defense counsel's representations about a defendant's competency, the court should consider counsel's representations among all relevant circumstances. *Calloway v. State*, 651 So. 2d 752, 754 (Fla. 1st DCA 1995) ("There are no 'fixed or immutable signs that always' require a competency hearing. . . . The trial court must

consider all the circumstances, including defense counsel's representations.") (citation omitted) (quoting *Scott v. State*, 420 So. 2d 595, 597 (Fla. 1982)). We review the trial court's assessment of the existence of reasonable grounds for an abuse of discretion. *Rodgers,* 3 So. 3d at 1132 ("This Court will uphold the trial court's decision as to whether such a [competency] hearing is necessary absent an abuse of discretion.").

This record reflects that Appellant's trial counsel in good faith filed a suggestion of incompetence asserting a factual basis for doubting Appellant's competency and asserting that Appellant had been evaluated professionally and deemed incompetent. Although the suggestion requested additional court-appointed expert evaluation, the court took no action; and counsel arranged for private evaluation, in which Appellant was deemed competent. However, the facts that counsel questioned his client's competence seriously enough to have him evaluated, the first evaluator found Appellant incompetent, and counsel filed a good faith motion in compliance with Rule 3.210, were enough to constitute reasonable grounds to question Appellant's competency. *Calloway*, 651 So. 2d at 754 (requiring consideration of the totality of the relevant circumstances); *see also Boggs v. State*, 575 So. 2d 1274, 1275 (Fla. 1991) (holding that a confidential psychiatric expert's opinion that defendant was incompetent was sufficient reasonable grounds to activate the process of Rule 3.210(b)). Once reasonable grounds existed, defense counsel should have filed the evaluation reports in the record for the benefit of the trial court and to facilitate appellate review; and the trial court should have conducted a hearing on the matter.

The core due process right at issue is a defendant's entitlement to the trial court's independent assessment of competency, followed by a court order adjudicating the issue. *Dougherty*, 149 So. 3d at 676; *Sheheane v. State*, 228 So. 3d 1178, 1180 (Fla. 1st DCA 2017) ("It is this right to the trial court's independent assessment of competency that lies at the heart of the due process requirement."). On these facts, we conclude the trial court abused its discretion in failing to hold a hearing, adjudicate Appellant's competency, and enter an order memorializing that adjudication.

On remand, the trial court must conduct a hearing to determine if Appellant had been evaluated appropriately and deemed competent before the trial. If such evidence exists, the trial court may enter an order finding Appellant competent nunc pro tunc, in which case there would be no change to Appellant's conviction or sentence. *Dougherty*, 149 So. 3d at 678-79 (determining that "a retroactive determination of competency is possible" even though "inherently difficult"); *Cotton*, 177 So. 3d at 668-69. Any such competency report, the transcript of such hearing, and the order adjudicating competency must be filed of record to facilitate further appellate review, if any. If the trial court cannot make a retroactive determination, it must properly adjudicate Appellant's present competency and, if the court finds Appellant competent to proceed, conduct a new trial on his charges.

## II. APPELLANT'S COURTROOM BEHAVIOR.

Appellant also argues that his later behavior in the courtroom constituted new evidence of his potential incompetency. He commented out loud during the proceedings; and he inflicted apparently superficial cuts on himself the morning of the first day of testimony, which were medically treated as a precaution but did not prevent Appellant from returning to the trial. On this record we reject his arguments that these additional facts were legally sufficient to require an additional competency evaluation before continuing with the trial. *See, e.g., Pickles v. State*, 976 So. 2d 690, 693-94 (Fla. 4th DCA 2008) ("Although Pickles engaged in disruptive behavior and refused to communicate with his attorneys, the court had dealt with this defendant longer than his own attorney and had observed his manipulative behavior. . . . From this record we conclude that the defendant was not denied due process by the trial court's refusal to conduct an evidentiary hearing.").

REVERSED and REMANDED.

ROWE and JAY, JJ., concur.

4

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Andy Thomas, Public Defender, and Barbara J. Busharis, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Michael McDermott, Assistant Attorney General, Tallahassee, for Appellee.