# Third District Court of Appeal

**State of Florida**

Opinion filed May 1, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1267
Lower Tribunal Nos. 10-2941B, 13-2860, 13-810

_____

**Jerry Byron,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Nushin G. Sayfie, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before EMAS, C.J., and HENDON and MILLER, JJ.

PER CURIAM.

Jerry Byron appeals from the trial court's order denying his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. Byron asserts the trial court erred in refusing to order a competency evaluation and conduct a competency hearing following defense counsel's request for same during the evidentiary hearing on the underlying postconviction motion. We affirm because the record supports the determination that no bona fide question regarding the defendant's competency had been raised.

In 2012, Byron pleaded guilty to several crimes (lower court case number 10-2941B) and was sentenced to two years in prison followed by five years' probation. He violated his probation in 2013 by committing new crimes (lower court case numbers 13-810 and 13-2860). In 2014, a global plea agreement was reached: Byron pleaded guilty to the two new substantive cases, admitted to violating his probation, and was sentenced to eight years in prison.

In 2015, Byron filed a pro se motion for postconviction relief. He alleged that, at the time of the 2012 plea and, later, during the 2014 probation violation proceedings, he was incompetent and that his counsel was ineffective for failing to request a competency evaluation in 2012 and again in 2014. The trial court found that, as to the 2012 plea, the claim was time-barred. The trial court set the remaining claim (concerning the 2014 probation violation proceeding) for an evidentiary hearing, and appointed counsel to represent Byron.

In April 2016, during the pendency of the postconviction proceedings, Byron was adjudicated incompetent to proceed and was committed to the Department of Children and Families (DCF). Months later, the hospital evaluated Byron and indicated he was now competent to proceed. However, when the trial court appointed two doctors (Dr. Salas and Dr. Jacobson) to reevaluate Byron, they initially disagreed with the hospital's competency assessment. The trial court set the case for a competency hearing.

The trial court held a competency hearing in January 2017. At the hearing, the State called Dr. Stein, who had evaluated Byron in November 2016 and who opined that Byron was competent to proceed.

The defense, in response, presented testimony from Dr. Jacobson and Dr. Salas. Although Dr. Jacobson evaluated Byron in April 2016 and determined he was incompetent at that time, Dr. Jacobson reevaluated Byron in December 2016, and found him competent to proceed. Dr. Jacobson noted his concerns that Byron was "malingering" and "exaggerating symptoms." Dr. Salas also evaluated Byron in December 2016, but—unlike Dr. Jacobson and Dr. Stein—determined that Byron was not competent to proceed.

At the conclusion of the hearing, the trial court found Byron competent to proceed, but stated he required strict compliance with his medication to remain competent. The trial court therefore ordered that Byron remain committed at the

3

hospital pending the resolution of the postconviction proceedings to ensure compliance with his medication regimen.

In April 2017, the trial court held the scheduled evidentiary hearing on Byron's postconviction motion. Shortly before the April hearing, Byron was again evaluated by the hospital and the report indicated that Byron remained competent to proceed; the competency evaluation report also noted that Byron had been exaggerating his symptoms. Despite the hospital's reevaluation and determination of competency, defense counsel once again expressed concern about Byron's competency and ability to testify at the impending evidentiary hearing.

The only witness the defense intended to call at this hearing was Byron himself. Given the concerns voiced by defense counsel, however, the trial court attempted to address Byron directly to inquire about these concerns and ensure Byron was able to understand the nature and consequences of the proceeding and to participate in and testify at the hearing. However, Byron refused to speak to the judge and "completely ignor[ed]" the judge's questions.

Because of Byron's refusal to cooperate, the trial court was left with a Hobson's choice of going forward with an evidentiary hearing (at which the only witness was refusing to cooperate and whose competency was being questioned by his own counsel) or to again appoint Drs. Jacobson and Salas to evaluate Byron.

4

Soon after, however, Byron finally addressed the court on his own. During an in-court exchange between the trial judge and Byron's mother, the trial court explained that, in 2014, Byron "took a deal" and received a sentence of eight years. Byron immediately spoke up, stating: "I ain't took no deal." The trial court then engaged in a short colloquy with Byron in which Byron confirmed that he wanted to testify and wished to proceed with the hearing. Byron testified coherently on both direct and cross examination, and the trial court later denied the motion for postconviction relief. Byron now appeals the denial of the motion, contending the trial court erred by failing to order a competency evaluation at the April 2017 evidentiary hearing, and by failing thereafter to hold a competency hearing.

We conclude the trial court did not abuse its discretion by denying the defense's request to order an additional competency evaluation or to hold an additional competency hearing. Pickles v. State, 976 So. 2d 690, 692 (Fla. 4th DCA 2008) (noting: "We review determinations of the trial court not to hold a competency hearing under an abuse of discretion standard.") Upon our review of the record, there were no reasonable grounds to believe that Byron may be incompetent. As the Florida Supreme Court has explained:

> Florida law provides that a defendant must be given a competency examination only if the court or defense counsel "has reasonable ground to believe that the defendant is not mentally competent to proceed." Once a defendant has been deemed competent, the presumption of competence continues throughout all subsequent

5

> proceedings. *A subsequent competency hearing is only required if a bona fide question as to the defendant's competency has been raised.*

Dessaure v. State, 55 So. 3d 478, 482-83 (Fla. 2010) (emphasis added) (quotations and citations omitted). See also Thompson v. State, 88 So. 3d 312, 319 (Fla. 4th DCA 2012) (observing: "Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges. Neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial") (quotations and citations omitted).

The existence of a "bona fide question as to the defendant's competency" has not been demonstrated in the instant case. Instead, the trial court's own observations of and interactions with Byron during the evidentiary hearing, together with the prior evaluations and expert testimony, the competency reevaluation by the hospital preceding the evidentiary hearing, and the findings of malingering or exaggeration, support the trial court's determination and undermine Byron's claim that a further competency evaluation was necessary. Pickles, 976 So. 2d at 693-94. See also Youngblood v. State, 651 So. 2d 227, 228 (Fla. 1st DCA 1995) (upholding the trial court where there was sufficient evidence the defendant had been malingering).

Affirmed.