# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2676

_____

HALEY BOWDEN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Walton County.
Kelvin C. Wells, Judge.

September 9, 2019

PER CURIAM.

Appellant, Haley Bowden, appeals her convictions and sentences for murder, burglary, and grand theft auto and argues that the trial court erred in accepting her plea without holding a competency hearing to determine that her competency had been restored. For the reasons that follow, we agree with Appellant and, therefore, reverse her convictions and sentences and remand with instructions.

Appellant, who was indicted in February 2013, was declared incompetent to proceed in November 2014. In May 2015, the facility in which Appellant had been a patient determined that she was competent. In June 2015, the trial court appointed a third expert for a competency evaluation. In October 2015, Appellant

pled nolo contendere to the charges. During the plea hearing, the trial court stated, "[Appellant] at one time was deemed incompetent to proceed on these charges. She has been found by this court to be competent to proceed." In November 2015, the State filed a Motion to Declare the Defendant Competent, representing in part, "After a search of records at the Clerk's office, there appears no record of an order declaring [Appellant] competent, despite the Court declaring [her] competent and counsel for the State and Defense both asserting that [she] has been and was competent following the release from the [facility]." That same month, the trial court entered an order granting the State's motion and declaring nunc pro tunc that Appellant "is and has been competent to proceed since May 6, 2015." In December 2015, a different attorney from the Public Defender's Office filed a Suggestion of Incompetency and Motion to Withdraw Plea on Appellant's behalf, asserting in part that the trial court did not conduct a competency hearing prior to accepting Appellant's plea. After appointing conflict counsel for Appellant, the trial court appointed two more experts to evaluate her competency, both of whom found her competent. In August 2016, the trial court entered an order wherein it found that Appellant was competent to proceed to sentencing based upon the experts' reports. This belated appeal followed.

A defendant may not be tried and convicted of a crime if he or she is not competent to stand trial. *Gore v. State*, 24 So. 3d 1, 9 (Fla. 2009). In order to determine whether a defendant is competent to proceed at trial or in postconviction proceedings, a court must discern whether he or she has the sufficient present ability to consult with counsel with a reasonable degree of rational understanding and whether he or she has a rational as well as a factual understanding of the pending proceedings. *Id.* Once a court has reasonable grounds to question a defendant's competency, the court "has no choice but to conduct a hearing to resolve the question." *Zern v. State*, 191 So. 3d 962, 964 (Fla. 1st DCA 2016). "At the competency hearing, the court must make its own independent finding of competency or incompetence." *Id.* A court is not permitted to merely accept a stipulation of competence even when all the experts have opined that the defendant is competent. *Id.*; *see also Walker v. State*, 237 So. 3d 1162, 1165 (Fla. 1st DCA 2018) ("Once reasonable grounds existed, defense counsel

should have filed the evaluation reports in the record for the benefit of the trial court and to facilitate appellate review; and the trial court should have conducted a hearing on the matter."); *Sheheane v. State*, 228 So. 3d 1178, 1180 (Fla. 1st DCA 2017) ("Procedurally, once a court has reasonable grounds to question a defendant's mental health, it *must* hold a hearing."). In the context of someone who has previously been declared incompetent, the supreme court has explained that "[g]enerally, a proper hearing to determine whether competency has been restored after a period of incompetence requires 'the calling of court-appointed expert witnesses designated under Florida Rule of Criminal Procedure 3.211, a determination of competence to proceed, and the entry of an order finding competence.'" *Dougherty v. State*, 149 So. 3d 672, 677 (Fla. 2014) (quoting *Jones v. State*, 125 So. 3d 982, 983-84 (Fla. 4th DCA 2013)). However, if the parties and the trial court agree, the court may decide the issue of competency on the basis of written reports alone. *Id.* at 677-78. The de novo standard of review applies to the legal question of due process in competency proceedings. *Sheheane*, 228 So. 3d at 1179.

In this case, although the trial court entered an order in November 2015 declaring nunc pro tunc that Appellant had been competent since May 2015, nothing in the record establishes that a competency hearing was held at any point, either before or after Appellant pled. In support of its argument that such a hearing occurred, the State relies upon the proffered testimony of the attorney who represented Appellant when she pled that was taken during the hearing on the motion to withdraw plea. The attorney testified that "the court said yes [it received the report] and based on the reports [it] found [Appellant] competent." However, such testimony does not, in our opinion, show that a competency hearing, to which Appellant was entitled, was conducted. Although the trial court stated during the plea hearing that Appellant "has been found by this Court to be competent to proceed," it is unclear from the record when the court made that determination or what that determination was based upon. As such, reversal of Appellant's convictions and sentences for a retroactive determination of competency following a hearing is warranted. *See Rosier v. State*, 1D16-2327, 2019 WL 2710739, at *4 (Fla. 1st DCA June 28, 2019) (en banc) ("Had there been such a failure [to conduct a competency hearing] here, precedent from this

3

Court would indeed support reversal."); *Lewis v. State*, 190 So. 3d 208, 209 (Fla. 1st DCA 2016) ("[B]ecause the trial court did not follow the required procedures for declaring Appellant competent to proceed to enter his plea and to be sentenced, Appellant's judgment and sentence must be reversed.").

Upon remand, if the trial court finds that Appellant was competent at the time she entered her plea, it must again enter a nunc pro tunc written order memorializing that finding with no change in the judgment. *See Walker*, 237 So. 3d at 1165 ("On remand, the trial court must conduct a hearing to determine if Appellant had been evaluated appropriately and deemed competent before the trial. If such evidence exists, the trial court may enter an order finding Appellant competent nunc pro tunc . . . ."). If the trial court cannot make a retroactive determination, it must allow Appellant to withdraw her plea and adjudicate her present competency to proceed.

REVERSED and REMANDED with instructions.

LEWIS, MAKAR, and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Justin F. Karpf, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Steven Woods, Assistant Attorney General, Tallahassee, for Appellee.