# Third District Court of Appeal

## State of Florida

Opinion filed August 2, 2023.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D22-0952
Lower Tribunal No. 19-627-A-K

————————————

**Nicholas Ray Malicoat,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before EMAS, MILLER, and LOBREE, JJ.

PER CURIAM.

Affirmed. <u>Byron v. State</u>, 273 So. 3d 1091, 1094 (Fla. 3d DCA 2019) (quoting <u>Thompson v. State</u>, 88 So. 3d 312, 319 (Fla. 4th DCA 2012)) ("Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges. Neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial."); <u>Cotton v. State</u>, 177 So. 3d 666, 668 (Fla. 1st DCA 2015) ("If the trial court does not have sufficient grounds to believe that the defendant may lack competency, there is no obligation to hold a competency hearing."); <u>Andrews v. State</u>, 916 So. 2d 964, 966 (Fla. 5th DCA 2005) ("Defense counsel never asked for a competency exam, so, we must assume that counsel believed [defendant] to be competent."); <u>Chery v. State</u>, 642 So. 2d 1161, 1162 (Fla. 3d DCA 1994) ("The trial court did not err in failing to conduct an inquiry concerning the defendant's mental competency to stand trial as no showing of mental incompetency was ever made below, and no defense request for such an inquiry was ever made below.").